2271

Dorothy ANCRUM, Respondent v. LOW COUNTRY STEAKS, Employer, Wausau Insurance Companies, Carrier, Appellants.

(452 S.E. (2d) 609)

Court of Appeals

*Roy A. Howell, III*, of *Sinkler & Boyd*, Charleston, *for appellants.*

*James H. Moss*, of *Moss, Dore, Kuhn & McIntyre*, Beaufort, *for respondent.*

Heard Nov. 12, 1994.

Decided Dec. 12, 1994; Reh. Den. Jan. 26, 1995.

*Per Curiam:*

This is a workers' compensation case. The employer and carrier appeal the circuit court's reversal of the full commission's order granting appellants' stop payment request effective April 9, 1991, awarding respondent a 10% disability rating to the back and holding appellants liable only for Dr. Rutherford Smith's medical fees. We reverse.

On June 6, 1990, at approximately 9:30 a.m., respondent, Dorothy Ancrum, was involved in an accident at work while employed by the Western Sizzlin Restaurant in Walterboro, S.C. Respondent testified that some plastic trays fell off a rack and hit her on her left side. Respondent told her manager she would be fine and did not need a doctor. However, she left

work at 12:30 p.m. because the pain became too severe for her to continue working. She then went to see her family physician, Dr. Rutherford Smith, complaining of left hip and back pain.

Dr. Smith had treated respondent for a number of incidents starting in 1982. Of significance, respondent was treated for a back injury on August 14, 1987. Again on March 17, 1988, Dr. Smith treated respondent for a compression fracture as a result of an automobile accident. Dr. Smith saw respondent again on January 31, 1989 when she complained of back pain. His diagnoses on March 17, 1988 and January 31, 1989 were "lumbar sacral degenerative arthritis with osteophyte formation, possible disc." On June 7, 1990, Dr. Smith saw respondent in relation to the June 6 accident. He stated her basic physical examination was not remarkable, but found she had muscle spasms in the lower dorsal and lumbosacral spine area indicating she had suffered trauma to the back. He further found she suffered from sciatica. He therefore sent her for x-rays which revealed chronic wedding of the L-4 vertebral body. Dr. Smith last saw respondent in relation to this injury on February 11, 1991. At that time, respondent's condition had improved, but she was still complaining of low back pain. Dr. Smith referred her to Dr. William Skelton, an acupuncturist. Dr. Smith agreed respondent has had significant back problems for some time. He felt respondent needed to undergo an MRI.

Respondent saw Dr. Skelton and sought treatment from Dr. Fenn, a chiropractor. She further saw Wayne Hodges, M.D., on December 11, 1990. Dr. Hodges found respondent had not reached maximum medical improvement and, like Dr. Smith, recommended respondent undergo an MRI. Respondent stated she sought treatment from Dr. Fenn on her own and was referred to Dr. Hodges by her attorney.

Appellants referred respondent to Dr. Thompson, an orthopaedic surgeon, who saw her initially on July 26, 1990. After a complete history and a physical, Dr. Thompson treated respondent for a sprain in her lower back. He saw her on August 2 and, again, on August 21, 1990 at which time he found respondent to have much less pain and improved range of motion. Although respondent continued to complain of pain in her back, Dr. Thompson found her subjective complaints outweighed his

objective findings. He found at that time respondent had reached maximum medical improvement and gave her a 5% impairment rating of the whole person because of an abnormality of the vertebra which pre-existed the accident.[1] On April 9, 1991, respondent returned for a re-evaluation at which time Dr. Thompson found she had essentially normal range of motion,[2] no radiation of pain and no neurological symptoms. He again found she had reached maximum medical improvement and gave her a 5% impairment rating of the whole person, but recommended respondent not lift more than 25 to 30 pounds.

Appellants filed a stop payment application with the commission based on Dr. Thompson's report. The single commissioner issued a Decision and Order on July 11, 1991, finding that the respondent had reached maximum medical improvement by April 9, 1991, per the opinion of Dr. Thompson. The commissioner questioned the credibility of respondent and gave greater weight to the opinion of Dr. Thompson, a board certified orthopaedist, than to the recommendations of the other physicians. The commissioner, nevertheless, awarded respondent a 10% loss of the use of the back.

On April 28, 1992, the respondent filed a Motion to Supplement the Record and Remand. Respondent sought to introduce reports of treatment and evaluations from Dr. Marzluff dated February 12, 1992 and February 21, 1992. These reports were generated after the first hearing and the full commission denied respondent's motion, finding it was not newly discovered evidence. By order dated July 27, 1992, the full

---

[1] This rating translates into an 8% impairment of the spine.

[2] With regards to his testing of respondent's range of motion, Dr. Thompson testified:

> There were two considerations. First is when she was asked to do things, she didn't do them. When she was somewhat distracted, then it was noted that the range of motion was improved. And, indeed, no attempt was made to give a number evaluation because, again, when the patient was advised or asked to do these motions, she was either unable or wasn't willing or for some other reason was unable to do that.

> \* \* \* \* \* \*

> When the patient was distracted, such as when she was moving off and on the examining table, when other tests were conducted, it was noticed by the examiner that she, indeed, [had] a better range of motion in what would be considered clinically at least normal for her age, for her body build.

commission affirmed the decision of the single commissioner except it ordered appellants to pay Dr. Smith's medical fees.

Respondent appealed to the circuit court which reversed the commission. The circuit court ordered appellants to reinstitute temporary total disability benefits, provide needed medical care as recommended in the reports of Dr. Marzluff, and pay Drs. Fenn, Skelton and Hodges for their services to respondent.

Appellants first contend the circuit court erred in reversing the commission's stop payment order, arguing substantial evidence in the record supports the commission's findings. We agree.

A decision of the Workers' Compensation Commission must be affirmed if the factual findings are supported by substantial evidence. Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Stokes v. First National Bank,* 306 S.C. 46, 410 S.E. (2d) 248 (1991).

The medical reports and deposition testimony of Dr. Thompson are substantial evidence to support the commission's findings that respondent had reached maximum medical improvement on April 9, 1991. Dr. Thompson is a board certified orthopaedic surgeon who treated respondent and found no objective basis for her complaints. While Dr. Thompson recognized respondent's abnormality of the vertebra, he testified it was a pre-existing abnormality as evidenced by X-rays taken prior to this accident. In fact, Dr. Thompson found respondent had reached maximum medical improvement on August 20, 1990. However, due to her continued complaints, Dr. Thompson saw her again on April 9, 1991. Again, he noticed though respondent performed poorly on range of motion tests, when distracted, she showed normal range of motion. Dr. Thompson clearly provided substantial evidence to support the commission's decision that respondent reached maximum medical improvement by April 9, 1991 and had 10% loss of use of the back. Considering the record as a whole, we find reasonable minds could reach the conclusion the commission reached. Because substantial evidence supports the finding of the commission, the circuit court erred in reversing the stop payment order.

Appellants next contend the circuit court improperly ■ reversed the commission's ruling on the payment of respondent's medical bills. We agree. S.C. Code Ann. § 42-15-60 (1985) provides in pertinent part:

Medical, surgical, hospital and other treatment, including medical and surgical supplies as may reasonably be required, for a period not exceeding ten weeks from the date of an injury to effect a cure or give relief *and for such additional time as in the judgment of the Commission will tend to lessen the period of disability* . . . shall be provided by the employer. (Emphasis added.)

Considering the record as a whole, we find substantial evidence supports the commission's finding that the treatments provided by Drs. Fenn, Skelton and Hodges were not authorized nor necessary to lessen the period of disability. Accordingly, we reverse the circuit court's order providing for payment to these doctors.

Finally, appellants contend the circuit court erred in ■ reversing the commission's finding that the reports of Dr. Marzluff did not meet the requirements for newly discovered evidence. We agree.

25A S.C. Code Ann. Regs. 67-707 (1989) provides that when a party seeks to introduce new evidence into the record on a case on review

[t]he moving party must establish that the new evidence is of the same nature and character required for granting a new trial and show . . . [t]he evidence was not known to the moving party at the time of the first hearing, *by reasonable diligence the new evidence could not have been secured,* and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its discovery. (Emphasis added.)

The reports from Dr. Marzluff indicated respondent possibly suffers from a herniated disc. Even if we were to accept that this evidence is of the same nature and character as that required for granting a new trial, which we do not, respondent has failed to establish that, by reasonable diligence, this evidence could not have previously been secured. Accordingly,

we find the circuit court erred in reversing the commission's denial of respondent's motion to supplement the record.

For the foregoing reasons, the order below is

Reversed.

HOWELL, C.J., and SHAW and GOOLSBY, JJ., concur.