22257

Charles Donald BRIGHT, Jr., Respondent, v. ORR-LYONS MILL and American Motorists Insurance Company, Appellants.

(328 S. E. (2d) 68)

Supreme Court

*Carroll H. Roe, Jr.,* of *Love, Thorton, Arnold, Thomason,* Greenville, *for appellants.*

*M. A. McAlister,* Anderson, *for respondent.*

Heard Feb. 20, 1985.

Decided March 13, 1985.

HARWELL, Justice:

In this workers' compensation case, the single commissioner held that the claimant's injury did not arise out of and in the course of his employment. The full commission held the claim compensable, and the circuit court affirmed. We reverse.

The respondent Charles Donald Bright, Jr. was employed by the appellant, Orr-Lyons Mill, in Anderson. On July 14, 1980, he completed his duties on the second shift and left the plant. He and his wife (also an employee) walked outside toward their car, which was parked on property owned by Orr-Lyons. At a few minutes past midnight, as they reached the car, an assailant who was not employed by Orr-Lyons walked to the edge of a public street near Bright's car. He inquired whether Bright was "Roger" and suddenly opened fire with a shotgun, wounding Bright. The assailant mistakenly identifed Bright as "Roger Pearce," since he drove a similar make and model automobile and also worked the second shift at Orr-Lyons. The assailant's motive for the shooting was purely personal and unrelated to any employment activities.

The parties have stipulated to the facts. The sole question before this Court is one of law: whether the claimant's injury arose out of his employment with Orr-Lyons.

The claimant must prove that he was injured by an accident arising out of and in the course of his employment. S. C. Code Ann. § 42-1-160 (1976). A wilful as-

sault contains the unexpected factor necessary to constitute an accident. *Thompson v. Jones Construction Co.*, 199 S. C. 304, 19 S. E. (2d) 226 (1942). An accident "arises out of" employment when the employment is the origin of the cause of the accident. *Skipper v. Southern Bell*, 271 S. C. 152, 246 S. E. (2d) 94 (1978). The time, place, and circumstances of the accident determine whether the accident occurred "in the course of employment." *Bickley v. South Carolina Electric & Gas Co.*, 259 S. C. 463, 192 S. E. (2d) 866 (1972). "If the employee be injured while passing, with the express or implied consent of the employer, to and from his work by a way over the employer's premises, ... the injury is ... in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance." *Eargle v. South Carolina Electric & Gas Co.*, 205 S. C. 423, 430, 32 S. E. (2d) 240 (1944).

The respondent in the instant case was walking from the building where he worked, across his employer's property, toward his car when the assault occurred. The accident therefore occurred within the course of his employment. However, the appellants assert the assault did not "arise out of" the employment. They contend that, to be compensable, the assault must have had such a causal connection with the employment that the nature of the employment created the risk of the attack. We agree.

The sole facts connecting Bright's assault to his employment are, first, the intended victim was also employed on the company's second shift and, second, Bright probably would not have been in the parking lot but for his employment. An accidental injury is not rendered compensable by the mere fact that it occurred on the employer's premises. To so hold, would be to abandon the requirement that an accident bear some logical causal relation to the employment.

This Court has held compensable an injury received from an assault occurring during a quarrel between employees when the quarrel had its origin in the work. *Skipper, supra.* However, we stated, "critical to a determination as to whether injuries from an assault arise out of employment is the origin of the dispute between the protagonists." We quoted Pro-

fessor Larson to the effect that an assault arises out of employment if the risk of assault is increased by the nature or setting of the work, or if the reason was a quarrel which originated in the work. 1 Larson, *Workmen's Compensation Law* § 11.00 (1984).

On the other hand, this Court has held that when the dispute that culminates in an assault arises out of the claimant's private life, the injury is not ordinarily compensable. *See Bridges v. Elite Restaurant,* 212 S. C. 514, 48 S. E. (2d) 497 (1948), where an employee was shot at work by her nonemployee lover. We have held a claim compensable where the employer knew of threats by a nonemployee and nevertheless instructed the claimant to return to work, with assurances that he would be protected. *Carter v. Penney Tire & Recapping Co.,* 261 S. C. 341, 200 S. E. (2d) 64 (1973). The danger "need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *Id.,* 200 S. E. (2d) at 65, citing *Bridges, supra.*

The State of North Carolina faced the issue of the compensability of injuries received during a criminal assault in *Williams v. Salem Yarns,* 23 N. C. App. 346, 208 S. E. (2d) 855 (1974). Our Worker's Compensation Act was fashioned upon that of our sister state, North Carolina. We thus give decisions of that state's courts weight. *Mizell v. Raybestos-Manhattan, Inc.,* 281 S. C. 430, 315 S. E. (2d) 123 (1984).

In *Williams, supra,* the claimant completed his shift and walked toward the mill parking lot. Before reaching the lot, he was struck by buckshot from a shotgun fired by a nonemployee. The Court denied compensation, holding that the injury occurred in the course of employment but did not arise out of the employment. It cited *Robbins v. Nicholson,* 281 N. C. 234, 188 S. E. (2d) 350 (1972); for the proposition that, "to be compensable, the assault must have had such a connection with the employment that it can be logically found that the nature of the employment created the risk of the attack." The court reasoned that the employment provided an opportunity for the attack, but that it was not the cause.

The facts in the case at bar differ only slightly from those in *Williams.* Here, the assailant intended to shoot another employee. This distinction is not significant. As to the claimant and his employer, the cause of injury was an unpredictable criminal assault by a nonemployee. The claimant has not shown that the nature or setting of the employment exacerbated the risk of criminal assault.[1]

The judgment below is, accordingly,

Reversed.

LITTLEJOHN, C. J., NESS, GREGORY and CHANDLER, JJ., concur.

---

[1] The assailant was arrested and charged with assault and battery with intent to kill. The claimant may be eligible for lost wages under the Victim's Compensation Act.