22687

Mary Hanson HOWELL, Appellant v. PACIFIC COLUMBIA MILLS, Employer, and American Motorist Insurance Company, Carrier, Respondents.

(354 S. E. (2d) 384)

Supreme Court

*Mitchell Willoughby*, of *Willoughby & Scott*, Columbia, *for appellant.*

*Jackson L. Barwick, Jr.*, and *Jim Bruner*, of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for respondents.*

Heard Nov. 20, 1986.

Decided March 30, 1987.

HARWELL, Justice:

In this worker's compensation case, the single commissioner found that appellant's claim was compensable. On appeal, the full Worker's Compensation Commission reversed on the ground that appellant's injury did not arise out of and in the course of employment. The circuit court affirmed the full commission.

The material facts are not in dispute. Appellant worked at the Olympia Mill which is located on Heyward Street. Employer-maintained parking facilities are located on the other side of Heyward Street directly across from the mill. Appellant was struck by a car while crossing in a crosswalk which connects the parking area to one of the main employee entrances into the mill. This entrance, used by approximately half of appellant's co-workers, is known as "gate number one." On the night of the accident, appellant's husband had driven her to work a short time before the start of her shift. The husband had pulled into the crosswalk and stopped on the parking area side of Heyward Street. Appellant got out of the car and began walking across the crosswalk toward gate number one. Before she reached the mill side of Heyward Street, she was hit by an oncoming car. She was severely injured in this accident.

A decision of the Worker's Compensation Commission will not be overturned by a reviewing court unless it is clearly unsupported by substantial evidence in the record. *Massey v. W. R. Grace & Company*, 286 S. C. 434, 334 S. E. (2d) 122 (1985). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). Quantitatively, substantial evidence is something less than the weight of the evidence. *Palmetto Alliance, Inc. v. South Carolina Public Service Commission*, 282 S. C. 430, 319 S. E. (2d) 695 (1984).

In order to sustain a worker's compensation award the injury must result from an accident "arising out of" *and* "in the course of employment." *Williams v. South Carolina State Hospital*, 245 S. C. 377, 140 S. E. (2d) 601 (1965). The term "arose out of" refers to the origin of the cause of the accident, while the term "in the course of" refers to the time, place, and circumstances under which the accident occurred. *Dicks v. Brooklyn Cooperage Co.*, 208 S. C. 139, 37 S. E. (2d) 286 (1946). The general rule in South Carolina is that an injury sustained by an employee away from the employer's premises while on his way to or from work does not arise out of and in the course of employment. *Gallman v. Springs Mills*, 201 S. C. 257, 22 S. E. (2d) 715

(1942). There are five exceptions to this rule. *See Sola v. Sunny Slope Farms,* 244 S. C. 6, 135 S. E. (2d) 321 (1964) (four enumerated exceptions); *Bickley v. South Carolina Electric & Gas Company,* 259 S. C. 463, 192 S. E. (2d) 866 (1972) ("special errand" exception). The exception appellant argues on appeal is as follows:[1]

> That such injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer, but in close proximity thereto is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work.

*Sola,* 244 S. C. at 14, 135 S. E. (2d) at 326.

Appellant contends that the circuit court erred in affirming the full commission's determination that her case does not fall within the exception stated above. We disagree. The Commission found that appellant failed to establish an implied requirement in her contract of employment that she cross the street in the crosswalk where the accident occurred. The employer exercised no control over which route appellant chose to use in coming and going to work. On the night that the accident took place, her husband just as readily could have let appellant out on the mill side of Heyward Street. Appellant contends that, since "no parking" signs were located on the mill side of Heyward Street, the only place for a person being driven to work to legally exit a car would be on the parking area side of the street. Evidence in the record shows that employees were regularly picked up and dropped off on the mill side of the crosswalk. In fact, it is lawful for passengers to be picked up or discharged at a crosswalk or in front of "no parking" signs. S. C. Code Ann. § 56-5-2530(A)(2)(c) & (f) and (3)(b) (Supp. 1985).

---

[1] This is the fourth exception to the going and coming rule that is enumerated in the *Sola* case. In the court below, appellant also argued that her case falls under the third *Sola* exception. Not only does this contention lack merit, but it is not argued in appellant's brief and, therefore, it is deemed abandoned. *Blakeley v. Rabon,* 266 S. C. 68, 221 S. E. (2d) 767 (1976).

Appellant was plainly free to cross Heyward at many points or not to cross it at all. The logic behind appellant's argument appears to be that since she had to cross Heyward Street to get to the mill and since there was a crosswalk in front of one entrance, it was an implied requirement of her employment that she cross the street on the crosswalk. Any injury occurring in that crosswalk, therefore, is compensable. There would be nothing to prevent this line of reasoning from being extended to mean that since all employees must leave home in order to come to work, coming to work is an implied requirement of their employment. All accidents occurring on the way to work are compensable. This kind of reasoning would permit the exceptions to swallow the rule.

Professor Larson warns against extending the area of coverage in order to accommodate claimants in cases with sympathetic factual situations such as the one at bar. He reminds us that, "[t]he real reason for the premises rule is, and always has been, the impracticality of drawing another line at such a point that the administrative and judicial burden of interpreting and applying the rule would not be unmanageable." 1 Larson, The Law of Workmen's Compensation § 15.12(b) (1985). Early on, in *Gallman v. Springs Mills*, 201 S. C. 257, 266, 22 S. E. (2d) 715, 719 (1942), we rejected just such an extension of coverage by stating:

> In the present case the respondent at the time of the accident was within a comparatively short distance of the building to which he was proceeding. If the distance had been somewhat longer, and he had used an automobile or other vehicle, and in consequence of negligence of his own or somebody else's part was injured, certainly it would be deemed clear that the accident arose out of the negligence in question rather than the employment, and in principle there is no difference between such a case and the present case, or between the present case and a case in which the employee lives many miles from his place of employment, and is injured in the course of his trip to the mill while using a bus or other type of public vehicle, or a private conveyance.

Next, appellant contends that this case is on all fours with *Williams v. South Carolina State Hospital*, 245 S. C. 377, 140 S. E. (2d) 601 (1965). This contention is without merit. In *Williams*, the claimant was injured on the employer's premises. In the present case, appellant was injured on a public street.

Appellant also asks us to adopt the "divided premises rule" as it relates to an employee going between an employer-maintained parking area and the employer's place of business. We need not consider this under the facts of the present case because appellant had never even entered the parking area that was maintained by the employer. Appellant was hit after she got out of her husband's car on a public street while on her way to work.

Lastly, appellant asks this Court to create a new exception to the going and coming rule in order to allow recovery in this case. Since this argument was not presented below, we will not address it on appeal. *State v. Williams*, 266 S. C. 325, 223 S. E. (2d) 38 (1976).

The order of the circuit court affirming the full commission is

Affirmed.

NESS, C. J., and GREGORY and FINNEY, JJ., concur.

CHANDLER, J., not participating.