23497

Danny W. STOKES, Respondent v. FIRST NATIONAL BANK and Fidelity and Guaranty Insurance Underwriters, Petitioners.

(410 S.E. (2d) 248)

*Supreme Court*

*Jackson L. Barwick, Jr.,* and *S. Markey Stubbs,* both of *Belser, Baker, Barwick, Ravenel and Bender,* Columbia, *for petitioners.*

*Preston F. McDaniel* and *John K. Koon,* Columbia, *for respondent.*

*Samuel F. Painter, of Nexsen, Pruet, Jacobs and Pollard,* Columbia, *for amicus curiae, South Carolina Self-Insurers Ass'n.*

*Kay G. Crowe, of Barnes, Alford, Stork & Johnson,*

Columbia, *for amicus curiae South Carolina Defense Trial Attys. Ass'n.*

*Kathryn N. Williams*, Greenville, *for amicus curiae South Carolina Trial Lawyers Ass'n.*

*M. Terry Haselden*, Spartanburg, *for amicus curiae Association of South Carolina Claimant Attys. for Workers' Compensation.*

Heard May 9, 1990.

Decided Oct. 14, 1991.

FINNEY, Justice:

This workers' compensation case is before this Court on a writ of certiorari from the Court of Appeals, *Stokes v. First National Bank*, 298 S.C. 13, 377 S.E. (2d) 922 (Ct. App. 1988). The petitioners, First National Bank (FNB), and Fidelity and Guaranty Insurance Underwriters,[1] appeal the Court of Appeals' holding that Respondent Danny W. Stokes (Stokes) is entitled to workers' compensation benefits for a nervous breakdown caused by emotional stimuli or stressors alone. We affirm.

Stokes was employed as Vice President in charge of item processing at FNB's Operations Center where he supervised 130 employees and four managers. In 1983 management announced that FNB would merge with South Carolina National Bank (SCN). As a result of merger activity and the resignation of one of his managers, the record reflects that Stokes' work hours increased from approximately 45 hours per week to 60 hours per week in January 1984; then to workdays of 12 to 15 hours in July 1984, and 16 to 18 hours after November 10, 1984.

FNB and SCN merged on December 1, 1984. Stokes worked at SCN until December 9, 1984, when he was hospitalized as the result of a nervous breakdown. Subsequently, Stokes attempted to return to work but was terminated. He filed for workers' compensation, and a single commissioner found that on or before November 30, 1984, Stokes suffered bodily injury of a general psychological nature as a result of

---

[1] Insurer for First National Bank.

the unusual and extraordinary conditions of his employment with FNB. The commissioner found a 50% permanent partial disability and awarded Stokes $268.99 per week for 340 weeks. On appeal, the full commission, circuit court and Court of Appeals affirmed the commissioner's order.

Petitioners first argue that this was not an "injury by accident" under the Workers' Compensation law.

The Court of Appeals, in part, defined an accident as "an injury occurring unexpectedly from the operation of internal or subjective conditions, without the prior occurrence of any external event of an accidental character." *Stokes*, 377 S.E. (2d) at 924 (quoting *Colvin v. E.I. DuPont de Nemours Co.*, 227 S.C. 465, 468, 88 S.E. (2d) 581, 582 (1955). The Court of Appeals concluded that Stokes' unusual and excessively increased workload constituted an unusual and extraordinary condition of employment which rendered his resulting nervous breakdown a compensable accident. We agree.

The South Carolina Workers' Compensation law states that " 'injury' and 'personal injury' shall mean only *injury by accident* arising out of and in the course of employment . . ." (emphasis added). S.C. Code Ann. § 42-1-160 (1976). This general definition of "injury by accident" was amplified by the Court in *Hiers v. Brunson Construction Co.*, 221 S.C. 212, 70 S.E. (2d) 211 (1952), as follows:

> The term . . . "injury by accident . . ." has been construed to mean not only an injury the means or cause of which is an accident, but also an injury which is itself an accident; that is, an injury occurring unexpectedly from the operation of internal or subjective conditions, without the prior occurrence of any external event of an accidental character. As stated in some cases, an injury, to be accidental, need not have been created by wound or external violence. 58 Am. Jur., Sec. 195, pp. 704, 705.

> · · · · · ·

> In the majority of jurisdictions, no slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury is itself considered the compensable accident.

*Hiers*, 221 S.C. at 231, 70 S.E. (2d) at 220.

In determining whether something constitutes an "injury by accident" the focus is not on some specific event, but rather on the injury itself. *Hiers v. Brunson Construction Co., supra.* In several cases, this Court has held that an extreme increase in an employee's work hours preceding a health catastrophe was sufficient to support a finding that the occurrence resulted from an "unusual and extraordinary condition of employment." *McWhorter v. S.C. Dept. of Ins.,* 252 S.C. 90, 165 S.E. (2d) 365 (1969) (employee worked extremely long hours before heart attack); *Wynn v. Peoples Natural Gas Co. of S.C.,* 238 S.C. 1, 118 S.E. (2d) 812 (1961) (claimant's work hours increased from 8½ to 16 hours per day before heart attack); *Kearse v. S.C. Wildlife Resources Department,* 236 S.C. 540, 115 S.E. (2d) 183 (1960) (claimant worked 16 to 18 hours per day before stroke).

We conclude that the extreme prolonged increase in Stokes' work hours, combined with additional job responsibilities, constitutes "unusual and extraordinary conditions of employment" which resulted in a compensable accidental injury.

Petitioners next contend it was error to find that Stokes was injured on or before November 30, 1984, since there was no substantial evidence to support the commissioner's findings. Alternatively, FNB argues that even if Stokes suffered an accidental injury on or before November 30, 1984, a second injury occurred on December 9, 1984, and the present action is barred. FNB claims Stokes' December 9th injury occurred while he was employed by SCN; therefore, SCN is the liable employer. We disagree with both contentions.

A decision of the Workers' Compensation Commission must be affirmed if factual findings are supported by substantial evidence. *Ross v. American Red Cross,* 298 S.C. 490, 381 S.E. (2d) 728 (1989). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action. *Howell v. Pacific Columbia Mills,* 291 S.C. 469, 354 S.E. (2d) 384 (1987). Regardless of conflict in the evidence, either of different witnesses or of the same witness, a finding of fact by the Commission is conclusive. *Glover v. Columbia Hospital of Richland County,* 236 S.C. 410, 114 S.E. (2d) 565 (1960).

We find substantial evidence in this record to support the commissioner's finding that Stokes was injured by accident prior to November 30, 1984, the merger date. There was testimony by Stokes, his wife and co-worker, all of whom testified Stokes was dysfunctional in November. A finding of a second, separate injury on December 9, 1984, the date of Stokes' hospitalization, would be inconsistent with the evidence.

Finally, petitioners argue that, assuming Stokes is entitled to benefits, the commissioner's award was erroneous and should be reversed. We disagree.

This Court stated in *Bennett v. Gary Smith Builders*, 271 S.C. 94, 245 S.E. (2d) 129 (1978):

> The objective of wage calculation is to arrive at a fair approximation of the claimant's probable future earning capacity. His disability reaches into the future, not the past; his loss as a result of injury must be thought of in terms of its impact on probable future earnings.

According to this record, Stokes' future earning capacity was one of the factors considered by the commissioner in deciding upon an award.

For the foregoing reasons, this case is

Affirmed.

GREGORY, C.J., HARWELL and CHANDLER, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.