496 S.E.2d 852

Harold P. BAGGOTT, Petitioner,

v.

SOUTHERN MUSIC, INC., and The Travelers
Insurance Company, Respondents.

No. 24759.

Supreme Court of South Carolina.

Heard Dec. 2, 1997.

Decided Feb. 9, 1998.

Rehearing Denied Mar. 5, 1998.

2

John C. Land, III, and J. Calhoun Land, IV, of Land, Parker & Reaves, Manning, and F. Hall Yarborough, of Yarborough, Hutto & Jackson, Orangeburg, for petitioner.

Harry B. Gregory, Jr., and Johnnie W. Baxley, III, of Rogers, Townsend, & Thomas, P.C., Columbia, for respondents.

BURNETT, Justice:

In this workers' compensation case, the single commissioner awarded Petitioner Harold P. Baggott (claimant) benefits; the full Workers' Compensation Commission reversed in a two to one decision. The circuit court reversed the full commission, reinstating claimant's benefits. The Court of Appeals reversed, finding there was substantial evidence to support the decision of the full commission denying claimant benefits. *Baggott v. Southern Music, Inc., et al.,* Op. No. 96–UP–312 (S.C. Ct.App. filed September 23, 1996). We reverse.

## FACTS

Southern Music, Inc. (SMI), is a business which, in part, leases coin operated game machines. SMI also leases Tiny's Tub, a pool hall and bar, to John Rudder. SMI owns the game machines and pool tables in Tiny's Tub.

Claimant is the manager of SMI. His typical hours are from 9 a.m. to 5 p.m., although he remains on call to service machines.

While at SMI on a Friday, claimant received a message late in the afternoon from Rudder; Rudder requested quarters and repair of a jukebox. Responding to the request, claimant went to Tiny's Tub between 6:00 and 6:30 p.m., delivered the quarters, and repaired the jukebox and a pool table. When he completed his work, he began to play a game of pool with a friend and to drink a beer.

According to claimant, Kenny McDowell, claimant's fellow employee, entered the bar, angrily cursing at claimant about a work-related matter. McDowell stated to claimant, "you almost got my son killed. You turned on the alarm."[1] Claimant testified McDowell "came at him." Although claimant attempted to defend himself with a pool cue, McDowell assaulted claimant. Claimant suffered a broken hip.

McDowell testified he went to Tiny's Tub to tell claimant the security alarm was off. He told claimant his son was

---

1. Claimant had told McDowell he would leave the SMI security alarm off, but, instead, claimant had mistakenly turned it on. When McDowell and his son entered SMI, the silent alarm notified the sheriff's department. A deputy sheriff responded, entered SMI, and pulled a gun on McDowell's son.

almost shot because the alarm had been engaged. McDowell admitted he was "rather upset." McDowell testified claimant told him not to speak to him disrespectfully; McDowell thought claimant was going to hit him with the pool cue so he knocked it out of his hands. McDowell testified the men hit each other. He believed claimant was the aggressor.

Rudder testified claimant had come to Tiny's Tub, given him the requested quarters, and began to repair the malfunctioning machine. McDowell entered the bar, "yelling almost hysterically at [claimant] for something." Rudder described McDowell's assault on claimant and stated McDowell was the aggressor. Rudder physically removed McDowell from the building.

A patron who witnessed the altercation testified claimant was playing a game of pool when McDowell entered Tiny's Tub. McDowell screamed claimant had almost gotten his son shot and advanced toward claimant, stating he "ought to whip [claimant's] ___." Claimant attempted to defend himself with a pool cue. McDowell threw claimant into the air. The patron testified McDowell was the aggressor.

An insurance adjustor spoke with claimant while he was in the hospital. The adjustor testified claimant did not inform her he had gone to Tiny's Tub to either deliver coins or to repair a machine.

The full commission determined 1) claimant's injury was sustained after his work duties had ended and 2) even if he did sustain a compensable injury, he was barred from compensation because alcohol was a contributing factor in the accident. The circuit court concluded the dispute between McDowell and claimant was related to the business of SMI and, therefore, claimant's injury did arise out of and in the course of his employment. It further concluded there was no evidence alcohol contributed to claimant's injury. The Court of Appeals held the circuit court improperly substituted its view of the evidence for that of the full commission. *Id.*

## ISSUES

I. Did the Court of Appeals err by concluding the decision of the full commission was supported by substantial evidence?

II. Was intoxication the proximate cause of claimant's injury?

## DISCUSSION

A decision of the Workers' Compensation Commission will not be overturned by a reviewing court unless it is clearly unsupported by substantial evidence in the record. *Howell v. Pacific Columbia Mills*, 291 S.C. 469, 354 S.E.2d 384 (1987). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). The general policy is to construe the Workers' Compensation Act in favor of coverage rather than exclusion. *Fox v. Newberry County Memorial Hospital*, 316 S.C. 537, 451 S.E.2d 28 (Ct.App.1994), *citing Davis v. South Carolina Dept. of Corrections*, 289 S.C. 123, 345 S.E.2d 245 (1986).

### I.

To be compensable under the Workers' Compensation Act, an injury by accident must both "arise out of" and "in the course of" employment. S.C.Code Ann. § 42–1–160 (Supp. 1996). "Arising out of" refers to the origin of the cause of the accident; "in the course of" refers to the time, place, and circumstances under which the accident occurred. *Owings v. Anderson County Sheriff's Dept.*, 315 S.C. 297, 433 S.E.2d 869 (1993); *Eargle v. S.C. Electric & Gas Co.*, 205 S.C. 423, 32 S.E.2d 240 (1944). An injury occurs in the course of employment "when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while fulfilling those duties or engaged in something incidental thereto." *Beam v. State Workmen's Compensation Fund*, 261 S.C. 327, 331, 200 S.E.2d 83, 85 (1973). "[T]he two [terms] are so entwined that they are usually considered together in the reported cases; and a discussion of one of them involves the other." *Eargle v. S.C. Electric & Gas Co.*, 205 S.C. at 429, S.E.2d at 242.

It cannot be disputed claimant's injury "arose out of" his employment with SMI. The assault was the result of

McDowell's anger toward claimant in failing to disengage the security alarm at SMI. The dispute had its origin in McDowell's and claimant's employment with SMI. *Cf. Skipper v. Southern Bell Telephone & Telegraph Co.*, 271 S.C. 152, 246 S.E.2d 94 (1978) (injury to employee assaulted by another employee growing out of a quarrel about the employer's work arises out of the employment) *with Bridges v. Elite, Inc.*, 212 S.C. 514, 48 S.E.2d 497 (1948) (dispute which culminates in an assault arising out of employee's private life is not compensable); *see also Sola v. Sunny Slope Farms*, 244 S.C. 6, 10–11, 135 S.E.2d 321, 324 (1964) ("[a]n accident arises out of the employment when it arises because of it as when the employment is a contributing proximate cause.").

Claimant's injury also occurred "in the course of" his employment. It is uncontroverted claimant performed employment-related duties at Tiny's Tub. Immediately prior to the assault, claimant was not performing work-related duties. However, when McDowell entered Tiny's Tub and confronted claimant about a work-related matter, claimant was compelled to resume his work duties for SMI. McDowell then assaulted claimant. Under these circumstances, claimant was injured while in the course of his employment.[2] *Eargle v. S.C. Electric & Gas Co., supra* (each case must be decided on its particular facts and circumstances).

The substantial evidence does not support the full commission's conclusion claimant's injury did not arise out of and in the course of employment. Instead, viewing the record as a whole, reasonable minds would conclude claimant's injury did arise out of and in the scope of his employment with SMI.

## II.

As noted above, the full commission also denied claimant benefits because his "alcohol consumption was a contributing factor in the accident and resulting injuries." Although we generally do not consider issues which were not addressed by the Court of Appeals, we find it necessary to do so here.

---

**2.** *See* Larson, *Workers' Compensation Law* § 29.21 (1997) (suggesting where work-connected assaults occur outside working hours where "course of employment" is virtually nonexistent, court should consider strength of causal connection between injury and employment).

South Carolina Code Ann. § 42–9–60 provides "[n]o compensation shall be payable if the injury . . . was occasioned by the intoxication of the employee . . .". We have interpreted this provision as barring compensation when the employee's intoxication is the proximate cause of the injury. *Kinsey v. Champion American Service Center,* 268 S.C. 177, 232 S.E.2d 720 (1977).

■ The only evidence in the record is that claimant had consumed a portion of one beer when he was confronted by McDowell. There is no evidence claimant was intoxicated or that his consumption of alcohol proximately caused his injury. Accordingly, claimant is not barred from recovery under the Workers' Compensation Act.

The decision of the Court of Appeals is reversed and the order of the circuit court remanding this matter to the Workers' Compensation Commission for entry of an order awarding benefits is reinstated.

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.