496 S.E.2d 856

**Vivian CLADE, Petitioner,**

**v.**

**CHAMPION LABORATORIES and Continental Insurance Company, Respondents.**

**No. 24764.**

Supreme Court of South Carolina.

Heard Dec. 17, 1997.

Decided Feb. 23, 1998.

Bennett J. Schiller, III, of Atwater, Schiller & Reeves, L.L.C., Rock Hill, for petitioner.

Beverly A. Carroll, of Kennedy, Covington, Lobdell & Hickman, L.L.P., Rock Hill, for respondents.

WALLER, Justice:

This Court granted certiorari to consider the opinion of the Court of Appeals in *Clade v. Champion Lab.*, Op. No. 96–UP–402 (S.C.Ct.App. filed November 14, 1996). We affirm as modified.

Petitioner drove a forklift in respondent Champion's shipping department. On July 20, 1994, she was working the second shift. According to her testimony, her back felt tired at the start of her shift, but she felt no pain. Between 5:00 and 5:30 p.m., she began to feel pain running down her back. The pain worsened, but petitioner finished her shift that night.

At work the next day, the pain returned, so petitioner reported her injury to her supervisor, who sent her to the company doctor. The doctor eventually sent petitioner to therapy and recommended she be put on light duty. After a week or two of therapy, petitioner was referred to Dr. Scott James who diagnosed petitioner as having lumbar strain with thoracic and lumbar trigger points.

Petitioner applied for workers' compensation benefits, alleging she had a work related injury which manifested itself on July 20, 1994. Her claim was denied by a single commissioner, and this decision was affirmed by an appellate panel, the circuit court, and the Court of Appeals.

## ISSUE

Is the commission's decision that petitioner's injury did not arise out of her employment supported by substantial evidence?

## DISCUSSION

■ For an injury to be compensable, it must arise out of and in the course of employment. S.C.Code Ann. § 42–1–160 (1985). The phrase "arising out of" refers to the origin of the cause of the accident. *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 466 S.E.2d 357 (1996). "An injury arises out of employment when there is apparent to the rational mind, upon

consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury." *Id.* at 518, 466 S.E.2d at 358. The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture or speculation. *Sola v. Sunny Slope Farms,* 244 S.C. 6, 135 S.E.2d 321 (1964).

██ A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Rodney,* 320 S.C. at 519, 466 S.E.2d at 359. "Substantial evidence" is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 135–136, 276 S.E.2d 304, 306 (1981). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Ellis v. Spartan Mills,* 276 S.C. 216, 277 S.E.2d 590 (1981).

██ The Commission sustained the single commissioner's finding that petitioner "failed to prove by the necessary burden of proof that she sustained a specific injury by an accident on July 20, 1994, *or* that her back problems arose out of and in the course of her employment." (emphasis added).

After reviewing the record, we find this conclusion is reasonable and supported by substantial evidence. Petitioner had the burden of proving the conditions under which she worked caused the injury to her back. Although she attempted to tie her injury to one of several events that occurred at work, she told her supervisor, a co-worker, and the person in charge of filing accident reports she did not know the cause of her pain. She also told an insurance adjustor she could not pinpoint the cause of her back problems. While her treating physician did state her injury was aggravated by driving a forklift, he never specifically determined her injury was caused by driving a forklift. A memorandum concerning petitioner's injury from her supervisor noted he could not say whether her injury was work related or not. Although the

symptoms of her injury appeared while petitioner was performing her job, it was reasonable in light of the evidence presented for the commission to conclude petitioner failed to establish a causal relationship between her work and her injury.

The Commission's conclusion is supported by the evidence. However, the opinion of the Court of Appeals focuses on petitioner's failure to prove a specific causal event instead of her failure to prove a causal relationship:

Here, Petitioner was unable to identify any event that arose in the course of her employment which precipitated her back problems. It is inferable the injury might have occurred on May 19, 1994, July 19, 1994, or July 20, 1994. Under these circumstances, we find substantial evidence supports the commission's finding that Petitioner failed to prove any event arising out of and in the course of her employment which caused her back problems.

This language which requires an injured employee to identify a specific event for an injury to be compensable contradicts the established law of this state. *See Stokes v. First Nat'l Bank,* 306 S.C. 46, 49, 410 S.E.2d 248, 250 (1991) ("[N]o slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury is itself considered the compensable accident."). Therefore, although we agree with the result of this case, the opinion of the Court of Appeals is not an accurate characterization of the law.

## CONCLUSION

Accordingly, the opinion of the Court of Appeals is affirmed but modified because injured employees are not required to prove their injuries were caused by specific events in order to recover worker's compensation benefits.

**AFFIRMED AS MODIFIED.**

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.