504 S.E.2d 830

**Ronald AUGHTRY, Employee, Claimant, Respondent,**

**v.**

**ABBEVILLE COUNTY SCHOOL DISTRICT # 60, Employer, and SC School Board Insurance Trust Fund, Carrier, Defendants, Appellants.**

**No. 2835.**

Court of Appeals of South Carolina.

Submitted Aug. 13, 1998.

Decided Aug. 13, 1998.

Rehearing Denied Sept. 18, 1998.

Michael A. Farry and David A. Wilson, both of Horton, Drawdy, Ward & Black, Greenville, for appellants.

C. Ben Bowen, of Bowen, McKenzie & Bowen, Greenville, for respondent.

## ORDER GRANTING PETITION FOR REHEARING WITHOUT ORAL ARGUMENT AND WITHDRAWING AND SUBSTITUTING OPINION

PER CURIAM:

The court grants the appellants' petition for rehearing without oral argument in the above referenced case. It is

hereby ordered that Opinion No. 2835 be withdrawn and the following opinion be substituted.

/s/ Ralph King Anderson, Jr., J.

/s/ Thomas E. Huff, J.

/s/ William L. Howard, J.

HOWARD, Judge:

In this workers' compensation action, Abbeville County School District # 60 and the South Carolina School Board Self Insurance Trust Fund (referred to collectively as "the School District") appeal the circuit court's order affirming the full commission's finding that Ronald Aughtry suffered a compensable injury. We reverse.[1]

## I. FACTS

Aughtry was employed by the School District as an assistant principal at Abbeville High School. On the morning of February 10, 1995, Aughtry received a telephone call at his home from the school's principal. The principal informed Aughtry that the school's opening would be delayed two hours due to icy weather. However, the principal told Aughtry that the delay did not apply to school administrators and that he was expected to arrive at his regular time, which was 7:30 a.m. Aughtry knew that administrators were required to arrive at their normal times despite weather delays for students and other employees because of a similar delay five years earlier.

Aughtry was injured in a single car accident while driving to work that morning. On that day, he traveled the same route to school that he used every other day.[2] According to Augh-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. The dissent asserts as fact that "[t]he road used [by Aughtry] was the direct route from his home to the school" and any other route would have been "circuitous." However, this finding was not made below and nothing in the record supports this assertion. The only relevant evidence appearing in the record is the following testimony:

[Counsel for School District    On February 10, 1995 you were on your
                                      way to work traveling the same route you

try, he drove into a patch of ice on the road just before he reached the school, went into a skid, went airborne over an embankment, and ultimately landed on the school's practice football field. As a result, he suffered injuries to his back and subsequently retired from the School District.

Aughtry was driving his personal car to work on the day the accident occurred. He was not reimbursed for driving his personal car to and from work.

The single commissioner denied Aughtry's claim for workers' compensation. The commissioner concluded Aughtry did not sustain an injury by accident arising out of and in the course of his employment because the going and coming rule applied and none of the exceptions to the rule were satisfied. The full commission reversed, finding Aughtry "sustained a compensable injury ... while on the employer's premises [and] was exposed to inherent danger being called into work while teachers had a two hour delay because of icy roads." The circuit court affirmed the full commission.

## II. DISCUSSION

The School District contends the circuit court erred in affirming the full commission's finding that Aughtry is entitled to workers' compensation. We agree.

Findings of the full commission will be set aside only if unsupported by substantial evidence. *Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 495 S.E.2d 447 (1998). "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Id.* at 95, 495 S.E.2d at 449.

For an injury to be compensable under the Workers' Compensation Act, it must be caused by an accident, and arise out of and in the course of employment. S.C.Code Ann. § 42–1–160 (Supp.1997). The well established going and coming rule states: "an employee going to or coming from the place where his work is to be performed is not engaged in perform-

travel every morning when you go to school regardless of the weather conditions, correct?

[Aughtry]          That is correct.

ing any service growing out of or incidental to his employ-
ment, and therefore, an injury suffered by accident at such
time does not arise out of and in the course of his employ-
ment." *Daniels v. Roumillat*, 264 S.C. 497, 500–01, 216
S.E.2d 174, 176 (1975). However, there are five recognized
exceptions to the going and coming rule which, if satisfied,
establish compensability for an employee's injuries. These
are:

(1) Where, in going to and returning from work, the means
of transportation is provided by the employer, or the time
that is consumed is paid for or included in the wages;
(2) Where the employee, on his way to or from his work, is
still charged with some duty or task in connection with his
employment;
(3) Where the way used is inherently dangerous and is
either (a) the exclusive way of ingress and egress to and
from his work; or (b) constructed and maintained by the
employer;
(4) That such injury incurred by a workman in the course of
his travel to his place of work and not on the premises of his
employer but in close proximity thereto is not compensable
unless the place of injury was brought within the scope of
employment by an express or implied requirement in the
contract of employment of its use by the servant in going to
and coming from his work; or
(5) Where the employee sustains an injury while perform-
ing a special task, service, mission, or errand for his employ-
er, even before or after customary working hours, or on a
day on which he does not ordinarily work.

*Medlin, supra; Bickley v. South Carolina Elec. & Gas Co.*,
259 S.C. 463, 192 S.E.2d 866 (1972); *Sola v. Sunny Slope
Farms*, 244 S.C. 6, 135 S.E.2d 321 (1964).

### A.

The full commission found that Aughtry sustained an
injury "while on the employer's premises" and, therefore, the
going and coming rule did not apply. We conclude this was
error.

The going and coming rule clearly applies to preclude
compensation in Aughtry's case because the accident occurred

on a public road while he was going to the place where his work was to be performed. *See Daniels, supra.* The only connection with his employer's premises is the fact that his car ultimately landed on the practice football field. The final resting place of the car was purely fortuitous. This is not sufficient to take these circumstances out of the going and coming rule.

However, even if the accident is deemed to have occurred on the employer's premises, such that the going and coming rule is inapplicable, there is no substantial evidence to support a finding that Aughtry's accident arose out of and in the course of his employment.

"An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury." *Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 518, 466 S.E.2d 357, 358 (1996).

The day of the accident was a regularly scheduled school day for Aughtry. Additionally, he was reporting at his usual time and to his usual place of work. The only difference between this day and every other school day was that the school's opening was delayed for two hours due to inclement weather. However, this delay only applied to students and some of the school's employees. Aughtry, along with the other school administrators, was expected to arrive at the normal time.

Simply put, these facts do not establish a causal relationship between Aughtry's employment and the resulting injury. Furthermore, any connection between Aughtry's accident and his employer's premises is irrelevant for purposes of determining whether the accident arose out of his employment because "[a]n accidental injury is not rendered compensable by the mere fact that it occurred on the employer's premises. To so hold, would be to abandon the requirement that an accident bear some logical causal relation to the employment." *Bright v. Orr–Lyons Mill,* 285 S.C. 58, 60, 328 S.E.2d 68, 70 (1985).

■■ "An injury occurs in the course of employment 'when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while fulfilling those duties or engaged in something incidental thereto.'" *Baggott v. Southern Music, Inc.,* 330 S.C. 1, 5, 496 S.E.2d 852, 854 (1998).

■■ Aughtry's accident occurred before he arrived at school to begin the day's work and not during a period of his employment. The accident occurred on a public road at a time when he was not engaged in the performance of any work related duties. Therefore, the accident did not occur in the course of employment.

■■ Furthermore, the "in the course of" prong cannot be satisfied by reason of the fact that Aughtry's car ultimately landed on the practice football field. We recognize there is a long standing rule that " '[i]f the employee be injured while passing, with the express or implied consent of the employer, to and from his work by a way over the employer's premises, . . . the injury is . . . in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance.'" *Bright v. Orr–Lyons Mill,* 285 S.C. 58, 60, 328 S.E.2d 68, 70 (1985) (quoting *Eargle v. South Carolina Elec. & Gas Co.,* 205 S.C. 423, 430, 32 S.E.2d 240, 243 (1944)). The employee in *Bright* was shot while walking to his car in the employer's parking lot after his work shift ended. The supreme court found that the accident occurred in the course of employment by virtue of it happening while the employee was passing over the employer's premises coming from work.

However, unlike the facts in *Bright,* Aughtry was not injured while walking or driving across his employer's property. The practice football field was not a "way" upon which he was "passing" to and from work.

## B.

■■ The full commission additionally found that even if the going and coming rule applied, the facts of Aughtry's case fell within the inherently dangerous exception and, therefore,

his injuries were compensable. We conclude this was also error.

Even assuming that icy public roads are inherently dangerous, there is no substantial evidence to support the finding that the public road used by Aughtry was either (a) the exclusive way of ingress and egress to and from his work, or (b) constructed and maintained by the employer. *See Medlin, supra.* The road used by Aughtry was public and obviously not constructed and maintained by the School District. Furthermore, the road used by Aughtry was not the *exclusive way* of ingress and egress to and from his work.

The meaning of the word "exclusive" is clear and unambiguous. "Exclusive" means "single" or "sole." Black's Law Dictionary 564 (6th ed. 1990); Webster's Third New Int'l Dictionary 793 (1986). Our supreme court, when first expressing the inherently dangerous exception, used the words "sole" and "exclusive" synonymously. *Gallman v. Springs Mills,* 201 S.C. 257, 263, 22 S.E.2d 715, 718 (1942) ("Where the way used is the sole and exclusive way of ingress and egress . . . ."). Some states apply the inherently dangerous exception "when the off-premises route, while not the *exclusive* means of access, [is] the 'usual' or 'expected' or 'regularly used,' 'normally used,' or 'habitually used' route, or the route used by almost all of the employees." 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 15.13(f) (1998) (emphasis added) (summarizing the differing standards used in other states). However, our supreme court has required that the way used be "exclusive" and we have no authority to modify this rule.

In Aughtry's case, there is no dispute that the road he traveled on the day of his accident was not the exclusive way of ingress and egress to and from his work. Thus, the inherently dangerous exception does not apply.

## C.

■ In his brief, Aughtry argues that the fourth exception to the going and coming rule is also applicable to his case because the accident occurred "in close proximity to the school [and], therefore, was brought within the scope of employment by [an] express or implied requirement that [he] use the public

highway in driving to the public school." This exception was not relied upon by the full commission in granting compensation but was addressed by the single commissioner. Nonetheless, this argument is wholly without merit. *See Howell v. Pacific Columbia Mills,* 291 S.C. 469, 473, 354 S.E.2d 384, 386 (1987) ("There would be nothing to prevent [appellant's] line of reasoning from being extended to mean that since all employees must leave home in order to come to work, coming to work is an implied requirement of their employment. All accidents occurring on the way to work are compensable. This kind of reasoning would permit the exceptions to swallow the rule.").

## III. CONCLUSION

The going and coming rule is clearly applicable to Aughtry's case. He was injured while going to his employment and none of the five recognized exceptions apply. Additionally, even if the accident is deemed to have occurred on the employer's premises, such that the going and coming rule is inapplicable, there is no substantial evidence to support the finding that Aughtry's accident arose out of and in the course of his employment. Thus, his injuries are not compensable.

For the foregoing reasons, the circuit court's order affirming the full commission's finding of compensability is

**REVERSED.**

HUFF, J., concurs.

ANDERSON, J., dissents in a separate opinion.

ANDERSON, Judge (dissenting):

I respectfully dissent. The majority reverses the award of Workers' Compensation benefits to Aughtry for his injuries. In doing so, the majority opinion misconstrues the "going and coming rule." I would affirm.

### STANDARD OF REVIEW

The Full Commission is the ultimate fact finder in Workers' Compensation cases and is not bound by the Single Commissioner's findings of fact. *Ross v. American Red Cross,* 298 S.C. 490, 381 S.E.2d 728 (1989). *See also Hoxit v. Michelin*

*Tire Corp.,* 304 S.C. 461, 405 S.E.2d 407 (1991) (Full Commission is fact finder and it is not within this Court's province to reverse Commission's findings if they are supported by substantial evidence). The findings of the Commission are presumed correct and will be set aside only if unsupported by substantial evidence. *Medlin v. Upstate Plaster Serv.,* 329 S.C. 92, 495 S.E.2d 447 (1998); *Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 466 S.E.2d 357 (1996). *See also Baggott v. Southern Music, Inc.,* 330 S.C. 1, 496 S.E.2d 852 (1998) (decision of Workers' Compensation Commission will not be overturned by reviewing court unless it is clearly unsupported by substantial evidence in the record).

A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Clade v. Champion Labs., et al.,* 330 S.C. 8, 496 S.E.2d 856 (1998); *Medlin, supra.* Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action. *Miller v. State Roofing Co.,* 312 S.C. 452, 441 S.E.2d 323 (1994); *Stokes v. First Nat'l Bank,* 306 S.C. 46, 410 S.E.2d 248 (1991). The general policy is to construe the Workers' Compensation Act in favor of coverage rather than exclusion. *Baggott, supra.*

### *LAW/ANALYSIS*

The majority concludes the trial court erred in affirming the Full Commission's finding Aughtry's accident arose out of and in the course of his employment. Further, the majority determines Aughtry's actions fall within the "going and coming rule," and the evidence does not support any of the exceptions to this rule. I disagree.

### I. Injury By Accident Arising Out of and in the Course of Employment

To be compensable under the Workers' Compensation Act, an injury by accident must both "arise out of" and "in the

course of" employment. *Clade, supra; Baggott, supra;* S.C.Code Ann. § 42–1–160 (Supp.1997). The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Full Commission. *Wright v. Bi–Lo, Inc.,* 314 S.C. 152, 442 S.E.2d 186 (Ct.App.1994).

The phrase "arising out of" refers to the origin of the cause of the accident; where as, "in the course of" refers to the time, place, and circumstances under which the accident occurred. *Clade, supra; Baggott, supra; Loges v. Mack Trucks, Inc.,* 308 S.C. 134, 417 S.E.2d 538 (1992). An injury by accident "arises out of" employment when there is apparent to the rational mind, upon consideration of all circumstances, a causal relationship between the conditions under which work is to be performed and the resulting injury. *Clade, supra; Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 466 S.E.2d 357 (1996). *See also Beam v. State Workmen's Compensation Fund,* 261 S.C. 327, 200 S.E.2d 83 (1973) (accident "arises out of" employment when employment is contributing proximate cause). An injury occurs "in the course of" employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while fulfilling those duties or engaged in something incidental thereto. *Baggott, supra; Sharpe v. Case Produce Co.,* 329 S.C. 534, 495 S.E.2d 790 (Ct.App.1997).

"[T]he two [terms] are so entwined that they are usually considered together in the reported cases; and a discussion of one of them involves the other." *Eargle v. South Carolina Elec. & Gas Co.,* 205 S.C. 423, 429, 32 S.E.2d 240, 242 (1944). The phrases "arising out of" and "in the course of employment" are used conjunctively. One of these elements without the other will not sustain an award. The two elements must coexist. *Dicks v. Brooklyn Cooperage Co.,* 208 S.C. 139, 37 S.E.2d 286 (1946).

## II. "Going and Coming Rule"

As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment. *Medlin v. Upstate Plaster Serv.,* 329 S.C. 92, 495 S.E.2d 447 (1998). Therefore, an injury sustained by an

employee *away from the employer's premises* while on his way to or from work does not "arise out of and in the course of" employment. *Id.; Howell v. Pacific Columbia Mills*, 291 S.C. 469, 354 S.E.2d 384 (1987); *McDaniel v. Bus Terminal Restaurant Management Corp.*, 271 S.C. 299, 247 S.E.2d 321 (1978). However, South Carolina recognizes five exceptions to this rule:

(1) Where, in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in the wages;

(2) Where the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment;

(3) The way used is inherently dangerous and is either (a) the exclusive way of ingress and egress to and from his work; or (b) constructed and maintained by the employer;

(4) That such injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer but in close proximity thereto is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work; and

(5) Where the employee sustains an injury while performing a special task, service, mission, or errand for his employer, even before or after customary working hours, or on a day on which he does not ordinarily work.

*Medlin, supra. See also Bickley v. South Carolina Elec. & Gas Co.*, 259 S.C. 463, 192 S.E.2d 866 (1972) ("special errand" exception); *Sola v. Sunny Slope Farms*, 244 S.C. 6, 135 S.E.2d 321 (1964) (four enumerated exceptions); *Eadie v. H.A. Sack Co.*, 322 S.C. 164, 470 S.E.2d 397 (Ct.App.1996) (lists the five exceptions).

### A. "Going and Coming Rule" Inapplicable When Injury Occurs on Employer's Premises

The trial court affirmed the Commission's determination the "going and coming rule" did not apply because Aughtry sustained a compensable injury "while on the employer's premises." The majority concludes this was error. I disagree.

In determining whether something constitutes an "injury by accident," the focus is on the *injury,* not on some specific event. *Stokes v. First Nat'l Bank,* 306 S.C. 46, 410 S.E.2d 248 (1991). *See also* 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 15.11 (1997) ("[T]he operative word in the coverage formula itself is always 'injury,' not 'accident.' "). Although the patch of ice that precipitated the accident was on a public road, Aughtry's *injury* did not occur until the car impacted on the practice football field, property owned by the School District.

In *Medlin v. Upstate Plaster Serv.,* 329 S.C. 92, 495 S.E.2d 447 (1998), the Supreme Court held the "going and coming rule" is efficacious when the injury occurs *away* from the employer's premises. Therefore, the rule does not apply when an injury occurs *on* the employer's premises. Because the "injury by accident" occurred *on* "the employer's premises," the "going and coming rule" is inapplicable.

However, even though the injury occurred *on* the employer's premises and the "going and coming rule" is inapplicable, compensability is not necessarily required. To receive Workers' Compensation benefits, Aughtry must prove the injury both (1) arose out of and (2) in the course of employment. Aughtry presented evidence which satisfied both of these elements.

The majority opinion ignores the facts and testimony undergirding the conclusion reached by the Full Commission. To set the record straight, I emphasize the following facts. School opening was delayed for two hours on February 10, 1995, because of icy weather. The principal telephoned Aughtry to advise him of the delay. However, he instructed Aughtry to report to work at the normal time, in spite of the delay and inclement weather.

Approximately five years earlier under similar weather conditions, Aughtry arrived at school at 10:00 a.m., instead of his usual time, which was 7:30 a.m. He learned of the school delay through a television news broadcast. When he reached the school, the principal informed Aughtry he was required to report to work at his regular time regardless of the weather conditions.

Because of the prior incident and his principal's "directive," Aughtry drove to work on February 10. He was "[r]ight behind the school" when he "ran into some ice and went into a skid and went off an embankment estimated to be about seven feet high." His car "went airborne" and landed on the football practice field, which is adjacent to the high school. The resulting jolt injured Aughtry's back. His continuing back pain prevented him from working and he retired.

Aughtry's injury was causally related to his employment. Therefore, his injury "arose out of" his employment.

Further, if the employee is injured going to or from work while passing over the employer's premises, the injury is considered to be in the course of employment "as much as though it had happened while the employee was engaged in his work at the place of its performance." *Bright v. Orr–Lyons Mill,* 285 S.C. 58, 60, 328 S.E.2d 68, 70 (1985) (quoting *Eargle v. South Carolina Elec. & Gas Co.,* 205 S.C. 423, 430, 32 S.E.2d 240, 243 (1944)). Aughtry's injury occurred "in the course of" his employment with the School District.

According to *Clade v. Champion Labs., et al.,* 330 S.C. 8, 496 S.E.2d 856 (1998), the most recent pronouncement on the issue by the Supreme Court, the focus of the appellate court must be directed toward an analysis of the factual record in regard to the proof of a causal relationship and *not* a specific causal event. In *Clade,* the Court concluded the Court of Appeals erroneously characterized *Stokes:*

> However, the opinion of the Court of Appeals focuses on petitioner's failure to prove a specific causal event instead of her failure to prove a causal relationship:
>
>> Here, Petitioner was unable to identify any event that arose in the course of her employment which precipitated her back problems. It is inferable the injury might have occurred on May 19, 1994, July 19, 1994, or July 20, 1994. Under these circumstances, we find substantial evidence supports the commission's finding that Petitioner failed to prove any event arising out of and in the course of her employment which caused her back problems.
>
> This language which requires an injured employee to identify a specific event for an injury to be compensable contradicts the established law of this state. *See Stokes v. First*

*Nat'l Bank,* 306 S.C. 46, 49, 410 S.E.2d 248, 250 (1991) ("[N]o slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury is itself considered the compensable accident."). Therefore, although we agree with the result of this case, *the opinion of the Court of Appeals is not an accurate characterization of the law.*

*Clade,* 330 S.C. at 12, 496 S.E.2d at 857–58.

Because Aughtry sustained an injury by accident which arose out of and in the course of his employment, he is entitled to compensation.

## B. "Inherently Dangerous" Exception

The majority holds the trial court erred in affirming the Commission's finding that even if the "going and coming rule" applied, Aughtry's injuries were still compensable because the facts of his case fell within the "inherently dangerous" exception to the "going and coming rule." According to the majority opinion, the "inherently dangerous" exception is not applicable because all of the elements are not satisfied. I disagree.

The "inherently dangerous" exception is applicable if the way used is "inherently dangerous" and is either (a) the exclusive way of ingress and egress to and from the employee's work or (b) constructed and maintained by the employer. *Eadie v. H.A. Sack Co.,* 322 S.C. 164, 470 S.E.2d 397 (Ct.App. 1996). *See also* 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 15.13 (1997) ("The commonest [sic] ground of extension is that the off-premises point at which the injury occurred lies on the only route, or at least on the normal route, which employees must traverse to reach the plant, and that therefore the special hazards of that route become the hazards of the employment.").

"[T]he exception to the premises rule here involved contains two components." 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 15.13(b) (1997). "The first is the presence of a special hazard at the particular off-premises point." *Id.* "The second is the close association of the access route with the premises, so far as going and coming are concerned." *Id.*

In his treatise on Workers' Compensation law, Professor Arthur Larson explains "[t]he special-hazard exception has been applied ... when the off-premises route, while not the exclusive means of access, was the 'usual' or 'expected' or 'regularly used,' 'normally used,' or 'habitually used' route, or the route used by almost all of the employees." *Id.* § 15.13(f). "If an alternate route is available, and if it is substantially more remote or more inconvenient, or no safer, the special hazard exception to the premises rule will usually be applied." *Id.* § 15.13(g).

Traveling icy roads is inherently dangerous. Aughtry traveled the same road on this occasion that he used on every work day. The road used was the direct route from his home to the school. "Exclusive way" does not mandate travel by an employee in a nondirectional route. Although Aughtry could have chosen a different and circuitous route to work, there is no indication any other way would have been less hazardous. The only method available to Aughtry to determine the condition of the roads was to travel them. The School District realized the danger in traveling under these conditions and accordingly delayed the opening of schools for two hours. In actuality, Aughtry used the exclusive way of ingress and egress to and from his work on this occasion.

The phrase "exclusive way" is applied in a commonsensical fashion to the facts of this case. "Exclusive way" does not mean the *only* travel route available because such construction would result in an absurd interpretation. Further, the phrase is *not* confined to dictionary parameters or definitions. Rather, "exclusive way" is construed in a reasonable manner so as to accomplish the basic purpose of South Carolina Workers' Compensation law. To follow the reasoning of the majority would result in a semantical obstruction of the "inherently dangerous" exception to the "going and coming rule."

According to the School District, the danger, to be "inherent," must be one not ordinarily encountered by the public, as opposed to the normal hazards of using a public way. The School District contends "[t]he hazards to which [Aughtry] subjected himself when he drove upon the public street were the same hazards to which all members of the public subjected themselves." I disagree.

"The fact that the accident happens upon a public road or street ... and that the danger is one to which the general public is likewise exposed, is not conclusive against the existence of a causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree." *Eargle v. South Carolina Elec. & Gas Co.*, 205 S.C. 423, 432, 32 S.E.2d 240, 244 (1944). The School District ignores the fact the "public," specifically the School District's other employees, was not exposed, as a result of the District-ordered delay, to the dangers of the icy roads. Ice is not a "normal hazard" or, presumably, the School District would not have delayed school opening by two hours.

Finally, Aughtry did not "subject himself" to this hazard; he was *ordered* by the principal to report to school at the regular time, in spite of the delay and inclement weather. An "[e]mployment connection may be supplied by varying degrees of employer encouragement or direction." *Beam v. State Workmen's Compensation Fund,* 261 S.C. 327, 332, 200 S.E.2d 83, 86 (1973). The general public could elect whether to drive in the prevailing conditions.

## CONCLUSION

Substantial evidence supports the Full Commission's conclusion Aughtry's injury arose out of and in the course of his employment with the School District. The "going and coming rule" is inapposite to an injury occurring on the premises of the employer. The "going and coming rule" has no efficacy in this case because Aughtry's injury occurred on School District property. Additionally, even if the "going and coming rule" was applicable, evidence in the record demonstrates the accident falls within the "inherently dangerous" exception.

Accordingly, I would affirm the Full Commission's decision to award benefits to Aughtry.