THIS OPINION HAS NO
PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 

THE STATE OF SOUTH CAROLINA

In The Court of Appeals

 

 

 
 
 Lynn Alexander,
 
 
 Appellant,
 
 

 

v.

 
 
 Abbeville County
 Memorial Hospital, Employer, and Palmetto Hospital Trust Services, Carrier,
 
 
 Respondents.
 
 

 

 

__________

 

Appeal From Greenwood County

 J. Ernest Kinard, Jr., Circuit Court
Judge

 

__________

 

Unpublished Opinion No.   2010-UP-156

Submitted February 1, 2010  Filed
February 23, 2010

__________

 

AFFIRMED 

__________

 

Robert P. Foster and Lynsey T. Kmetz, of
Greenville, and W. Townes Jones, IV, of Greenwood, for Appellant.

 

Bradford  B. Easterling, of
Greenville, for                                      Respondents.

 

PER
CURIAM:  Lynn Alexander
appeals the circuit court's affirmance of the denial of her claim for
additional workers' compensation benefits by the Appellate Panel of the South
Carolina Workers' Compensation Commission.  We affirm[1] pursuant to Rule 220(b), SCACR, and the
following authorities:  

 

1.                
As to whether the circuit court
erred in affirming the Appellate Panel's decision in regards to Alexander's
conclusive opinions of medical experts and "fully recovered"
arguments: Tiller v. Nat'l Health Care
Ctr. of Sumter, 334 S.C. 333, 341,
513 S.E.2d 843, 847 (1999) (holding "in deciding whether substantial
evidence supports a finding of causation, we consider both the lay and expert
evidence");  West v. Alliance Capital, 368 S.C. 246, 251, 628
S.E.2d 279, 282 (Ct. App. 2006) (holding the Administrative Procedures Act does
not permit an appellate court to "substitute its judgment for that of the
[Appellate Panel] as to the weight of the evidence on questions of fact");
Muir v. C.R. Bard, Inc., 336 S.C. 266, 282, 519 S.E.2d 583, 591 (Ct.
App. 1999) ("Where there is a conflict in the evidence, either by
different witnesses or in the testimony of the same witness, the findings of
fact of the [Appellate Panel] are conclusive.").

 

2.                
As to whether the circuit court
erred in concluding Alexander failed to prove causation: Clade v. Champion Labs., 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998) ("The
claimant has the burden of proving facts that will bring the injury within the
workers' compensation law, and such award must not be based on surmise,
conjecture or speculation."); Smith
v. S.C. Dep't of Mental Health, 329
S.C. 485, 501, 494 S.E.2d 630, 638 (Ct. App. 1997) ("[T]he [Appellate Panel] is
the sole fact-finder in workers' compensation cases, and . . .  any questions
of credibility must be resolved by the [Appellate
Panel].").

 

AFFIRMED. 

SHORT, WILLIAMS, and LOCKEMY, JJ.,
concur.

[1]
We decide this case without oral argument
pursuant to Rule 215, SCACR.