16947

W. LESLIE WHITE, Respondent v. SOUTH CAROLINA STATE
HIGHWAY DEPARTMENT, Appellant

(85 S. E. (2d) 290)

*Messrs. T. C. Callison, Attorney General, Julian L. John-
son, Assistant Attorney General, Daniel R. McLeod, Assist-
ant Attorney General, and L. M. Cantrell,* of Columbia, *for
Appellant,*

*Messrs. James P. Mozingo, III, and Keith A. Gatlin,* of Darlington, *for Respondent,*

January 4, 1955.

STUKES, Justice.

This is an appeal by the employer from an award of workmen's compensation to its employee, who is a mechanic at Conway. He was directed on a Saturday to take a wedge bolt to the city of Sumter for repair or replacement; it is a necessary part of a drawbridge. He was authorized to use his employer's motor vehicle and to remain away over the weekend, if necessary. His family lived in Darlington and it was understood that he might spend the weekend there after going to Sumter, and return to duty at Conway, on Monday morning, bringing the repaired or replaced bolt with him. He was not specifically instructed as to the route which he should take to Sumter.

The official State Highway map was in evidence and it shows two alternate routes from Conway to Sumter. The shorter, 83 miles (89 in the testimony), is U. S. Route No. 378 via Lake City and Turbeville, but there was evidence that some of it was under repair or construction at that time. The other is a combination of U. S. Routes 501 and 76, via Marion and Florence, 92 miles (95 in the testimony). Claimant took the latter route but when he reached Florence, instead of proceeding directly to Sumter, he picked up his wife and child, who were visiting in Florence, and turned right in order to take them to their home in Darlington. En route between Florence and Darlington he was

in a collision and suffered severe injuries from which he was hospitalized and incapacitated for about three months. However, by means of his annual and sick leave benefits his wages were continued during his absence from work. The award included other items of compensation, hence the appeal.

Further reference to the map and its mileage table shows U. S. Route 76 to be southwest from Florence to Sumter, 38 miles. The route from Florence to Darlington, ten miles, is northwest from Florence and at approximately a right angle from Route 76 to Sumter; and from Darlington southwest to Sumter the distance is 40 miles. Thus it is seen that if claimant had taken the way of Darlington, without the influence of his personal mission (to take his family home), he would have gone out of his way by 12 miles or almost one-third of the total distance of 38 miles of the ordinary route from Florence. There was no substantial evidence that there was any compensating advantage in the route via Darlington, and no finding by the Commission of such.

The findings of the Hearing Commissioner, which were approved and adopted by the Commission on review, included the conclusion that the accident arose out of and in the course of claimant's employment, but we are constrained to hold that there was no evidence to sustain any finding other than that the accident occurred during a substantial deviation from duty which renders it noncompensable.

The following was included in the conclusions of law by the Commission: "The deviation in this matter is covered by the case of *Falconer v. Beard-Laney,* 215 S. C. 321, 54 S. E. (2d) 904." The cited case is pertinent, but it is authority for reversal of this award, which was likewise the result in that case. Falconer was fatally injured on a roundabout route from Rock Hill to Charlotte which he took in order to fulfill en route a personal mission, as claimant here did.

Another like case in our reports is *Mims v. Nehi Bottling Co.,* 218 S. C. 513, 63 S. E. (2d) 305, where the deviation of the employee from the mission for the employer was very slight, but unaccountable except for some personal reason. Compensation was denied, as in the *Falconer case, supra,* and as here.

An enlightening discussion of deviation from the course of employment in order to accomplish a personal mission appears in 1 Larson's Workmen's Compensation Law, page 265 *et seq.,* sec. 19. The following is from the headnote: "An identifiable deviation from a business trip for personal reasons takes the employee out of the course of his employment until he returns to the route of the business trip, unless the deviation is so small as to be disregarded as insubstantial." A further rule is stated in sec. 19.50, page 288, as follows: "Taking a somewhat roundabout route, or being off the shortest line between the origin and destination, does not in itself remove the traveller from the course of employment; it must be shown in addition that the deviation was aimed at reaching some specific personal objective." The personal objective in the case at hand is plain under the evidence and the deviation was too great to disregard as "insubstantial."

Counsel for claimant cited in argument several decisions from other jurisdictions, which have been carefully examined. The facts of them distinguish the cited cases from this and they need not be reviewed for the purpose of the present decision.

The judgment affirming the award of compensation is reversed, and the award is set aside.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.