1813

Elizabeth DiMARIA, Appellant v. MULTIMEDIA, INC., Respondent.
(417 S.E. (2d) 324)

Court of Appeals

*Marvin J. Short,* Easley, *for appellant.*

*J. Lynn Shook,* Greenville, *for respondent.*

Heard April 14, 1992.

Decided May 11, 1992.

GOOLSBY, Judge:

Elizabeth DiMaria appeals an order of the circuit court affirming a denial by the South Carolina Workers' Compensation Commission of DiMaria's claim for workers' compensation while employed by Multimedia, Inc. The question of DiMaria's entitlement to workers' compensation involves the application of the dual-purpose rule. We vacate the circuit court's order and remand the case to the commission.

On Monday, August 29, 1998, at 7:40 a.m., DiMaria, a promotion and marketing assistant for WFBC Radio, a Greenville station owned by Multimedia, was injured in an automobile accident while on her way to work. DiMaria was about a mile and a half from the station when the accident occurred. She was to have been at work at 8:00 a.m. to open the station's switchboard. At the time of the accident, DiMaria carried seventeen hundred one-dollar bills that belonged to the station. Her possession of the money related to duties the station had

assigned her in connection with a promotion offered by the station in cooperation with Greenville-area retailers. DiMaria had helped with the promotion on Saturday, August 27, 1988, and had kept the money over the weekend. She had intended to take the money to the bank on Monday morning. After the accident, a station employee went to the hospital where Di-Maria had been taken, got the money from DiMaria, and took it to the bank.

The basic dual-purpose rule that the majority of jurisdictions, including South Carolina, accept may be summarized as follows:

[W]hen a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone else even it it had not coincided with the employee's personal journey.

1 LARSON, WORKMEN'S COMPENSATION LAW § 18.12 at 4-258 to 4-274 (1990); *see id.* n. 4 at 4-271 (citing *Corley v. South Carolina Tax Comm'n,* 237 S.C. 439, 117 S.E. (2d) 577 (1960) as supporting the majority rule).

Here, DiMaria contends her trip to the station was a business trip, although it served both a personal purpose, in that she was reporting to work, and a business purpose, in that she was bringing with her money belonging to WFBC to deposit that morning in the bank. 1 LARSON, *supra* § 18.24(b) at 4-299 and 4-303 ("[I]f it can be said that the transporting of the employment materials amounted to the performing of a business service of sufficient dimensions to bring it within the basic dual-purpose rule, in the sense that if the employee could not have combined this service with his going or coming trip, a special trip would have had to be made to accomplish the same objective, the journey may be within the course of employment.").

After detailing the testimony and other evidence offered by the parties, the commission found in a conclusory fashion that DiMaria did not sustain an accident arising out of and in the course of her employment. It made no express finding of fact regarding the character of DiMaria's trip to her place of employment, that is, whether her trip was personal or business. Without this key finding of fact, we cannot perform our function of determining whether the commission's decision is "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record." S.C. CODE ANN. § 1-23-380(g)(5) (1986).

We therefore vacate the circuit court's order and remand the case to the commission for it to determine whether DiMaria would have taken the trip to the station, irrespective of having in her possession the money that she intended to deposit in the bank, *and* would not have taken the trip if she had not been on her way to work, though the deposit of the money remained unmade, or whether DiMaria would have taken the trip, irrespective of having to report for work to open the switchboard, because the deposit of the money in the bank would have to have been performed for WFBC by somebody even if that service had not coincided with DiMaria's effort to go to work. *See Baldwin v. James River Corp.,* — S.C., —, 405 S.E. (2d) (421) (Ct. App. 1991) (a case wherein the court of appeals vacated a circuit court's order and remanded a workers' compensation case where the commission made conclusory findings).

Vacated and remanded.

BELL, J., concurs. LITTLEJOHN, Acting Judge, dissents in a separate opinion.

LITTLEJOHN, Acting Judge, dissenting:

I respectfully dissent and would affirm the order of the circuit judge which affirmed the reviewing panel and the directive of the single hearing industrial commissioner.

The facts are not in dispute. It is implicit in the commission's ruling and the circuit judge's order that the matters which the majority would now remand to the commission were considered by the hearing commissioner, the reviewing

panel and the circuit judge. No good purpose can be served by remand.

The claimant testified as follows:

> Q. And isn't is true that you would a been going to work at this time regardless of whether you had the money with you or not?
>
> A. Give or take five or ten minutes, yes.

The hearing commissioner, affirmed by the reviewing panel, found:

> The claimant testified on cross-examination that regardless of whether she had the money in her possession that she would have been making the trip to work that morning because she had to be at work at 8:00 a.m. in order to open the switchboard.

As a fact the commission found:

> It is found as a fact that this accident did not arise out of and within the scope of employment and, therefore, is not compensable under Title 42 of the South Carolina Code of Laws.

As a conclusion of law, the commission found:

> Pursuant to Title 42 of the South Carolina Code of Laws, Annotated, accidents which occur going to or coming from work are not compensable under the Workers' Compensation Act.
>
> The circumstances of this accident do not fit within any recognized exceptions to the general rule that injuries occurring when an employee is going to or coming from work is not compensable under the Worker's Compensation Act.

There is no substantial evidence warranting a finding that the claimant was on a business errand. Should the commission so find, it would be the duty of the court to reverse.

For the reasons stated hereinabove, I would affirm the circuit court.