526 S.E.2d 725

**Kathy GIBSON, Respondent,**

v.

**SPARTANBURG SCHOOL DISTRICT # 3, Employer, and S.C. School Board Self Insured Trust Fund, Insurer, Appellants.**

**No. 3102.**

Court of Appeals of South Carolina.

Heard Dec. 7, 1999.

Decided Jan. 17, 2000.

Rehearing Denied March 25, 2000.

Michael A. Farry and David A. Wilson, both of Horton, Drawdy, Ward & Black, of Greenville, for appellants.

Richard W. Vieth, of Henderson, Brandt & Vieth, of Spartanburg, for respondent.

ANDERSON, Judge:

Kathy Gibson filed a Workers' Compensation claim for injuries she sustained while purchasing school supplies at Wal–Mart for her employer, Spartanburg School District # 3 (the School District). Gibson was reaching for a lunch box to purchase for her own child when a box cutter fell off the shelf, severely cutting her right eye. The Single Commissioner and the Appellate Panel of the Workers' Compensation Commission found Gibson's injury was not compensable because the purchase of school supplies for her own child did not arise out

of and in the course of her employment. The Circuit Court reversed, ruling the injury was compensable and constituted only a slight deviation from her assigned task. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Kathy Gibson began working for the School District in June of 1995 as coordinator of a summer program for three- to five-year-old children. As one of her duties, Gibson was required to purchase school supplies for the children. The purchases were paid for by the School District, which maintained an account for supplies at the local Wal–Mart. Gibson traveled without supervision to the store. There is no evidence any restrictions were placed on her activities when she completed these errands.

On August 1, 1995, Gibson traveled from the site of her employment to Wal–Mart with a purchase order issued by the School District to purchase supplies for the children in the program. While selecting items listed on the purchase order, Gibson saw a lunch box in the aisle containing school supplies that she thought would be "ideal" for her son, who was starting first grade later that month.

Because the School District maintained an account with the store, the purchases were handled at the customer service desk, where they were charged to the account, instead of a regular check-out lane. In order to avoid commingling the purchases, Gibson gathered all of the School District's items, had them totaled and bagged at the customer service desk, and received a receipt. She then asked the customer service clerk if she could return to the school supplies aisle to pick up the lunch box she intended to pay for separately. Gibson returned to the school supplies area. When she reached above her head to retrieve the lunch box, an open box cutter fell from the shelf, severely cutting her right eye. At the time of the accident, Gibson was still in possession of the School District's supplies and would have returned to work but for her accident.

Gibson underwent medical treatment for her injuries. At the time of the hearing before the Single Commissioner, the parties stipulated she had not reached maximum medical improvement. The Single Commissioner denied compensa-

tion, finding the injury to Gibson's eye did not arise out of or in the course of her employment with the School District because Gibson was on a "personal mission" at the time she was injured. The Commissioner determined Gibson's "deviation from her business trip was clearly identifiable and not insubstantial." In the hearing before the Single Commissioner, no testimony was taken. The Commissioner relied upon the administrative submissions, the stipulation of facts, and his personal visit to the accident site. The Commissioner noted Gibson "would have had to turn 180 [degrees]" and walk "some 200 feet from the customer service area" to return to the school supplies aisle to retrieve the lunch box for her own child.

In a two to one decision, the Appellate Panel upheld those findings. On appeal, the Circuit Court, relying on the personal comfort doctrine and the dual purpose rule, concluded the injury was compensable. The court found Gibson's return to the aisle containing school supplies was only a slight deviation from her assigned task, and that she still had possession of the School District's purchase and would have returned to the school with the supplies had she not been injured. Finally, the court ruled there was no indication Gibson intended to abandon her employer's errand, nor was there any conduct on her part that was unusual or unreasonable. The School District appeals.

## ISSUE

Is Gibson's eye injury a compensable claim under the South Carolina Workers' Compensation Act?

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981); *Hamilton v. Bob Bennett Ford*, 336 S.C. 72, 518 S.E.2d 599 (Ct.App.1999). In an appeal from the Commission, this Court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law. S.C.Code Ann. § 1–23–380(A)(6) (Supp.1998); *Stephen v. Avins Constr. Co.*, 324

S.C. 334, 478 S.E.2d 74 (Ct.App.1996). *See also Smith v. Union Bleachery/Cone Mills,* 276 S.C. 454, 456, 280 S.E.2d 52, 53 (1981) (court may reverse or modify agency's decision " 'if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are . . . affected by other error of law' "); *Lyles v. Quantum Chem. Co. (Emery),* 315 S.C. 440, 434 S.E.2d 292 (Ct.App.1993) (in reviewing decision of Workers' Compensation Commission, Court of Appeals will not set aside its findings unless they are not supported by substantial evidence or are controlled by error of law). This Court's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law. *Hamilton, supra.*

 Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action. *Broughton v. South of the Border,* 336 S.C. 488, 520 S.E.2d 634 (Ct.App.1999). The Appellate Panel is the ultimate fact finder in Workers' Compensation cases and is not bound by the Single Commissioner's findings of fact. *Muir v. C.R. Bard, Inc.,* 336 S.C. 266, 519 S.E.2d 583 (Ct.App.1999). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel. *Parsons v. Georgetown Steel,* 318 S.C. 63, 456 S.E.2d 366 (1995).

 The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Appellate Panel. *Grice v. National Cash Register Co.,* 250 S.C. 1, 156 S.E.2d 321 (1967); *Broughton, supra.* However, where, as here, the facts are undisputed, the question of whether an accident is compensable is a question of law. *Jordan v. Dixie Chevrolet, Inc.,* 218 S.C. 73, 61 S.E.2d 654 (1950); *Broughton, supra.*

## *LAW/ANALYSIS*

### I. INJURY BY ACCIDENT ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT

 To be compensable under the Workers' Compensation Act, an injury by accident must both "arise out of" and "in

the course of" employment. S.C.Code Ann. § 42–1–160 (Supp. 1998). The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Appellate Panel. *Grice, supra; Broughton, supra.* The claimant has the burden of proving facts that will bring the injury within the Workers' Compensation law. *Clade v. Champion Lab.,* 330 S.C. 8, 496 S.E.2d 856 (1998).

The phrase "arising out of" refers to the injury's origin and cause. Whereas, "in the course of" refers to the time, place and circumstances under which the injury occurred. *Baggott v. Southern Music, Inc.,* 330 S.C. 1, 496 S.E.2d 852 (1998); *Broughton, supra* . Although the requirements are somewhat overlapping, they are not synonymous and both must exist simultaneously to allow the claimant to recover. *See Branch v. Pacific Mills,* 205 S.C. 353, 32 S.E.2d 1 (1944).

In *Douglas v. Spartan Mills,* 245 S.C. 265, 140 S.E.2d 173 (1965), our Supreme Court explained the requirement that the injury "arise out of" the employment:

" 'It (the injury) arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the

employment, and to have flowed from that source as a rational consequence.' "

*Douglas,* 245 S.C. at 269, 140 S.E.2d at 175.

This Court, in *Broughton v. South of the Border,* 336 S.C. 488, 520 S.E.2d 634 (Ct.App.1999), discussed the "in the course of the employment" mandate:

The phrase "in the course of the employment" refers to the time, place, and circumstances under which the accident occurred. An injury occurs "in the course of" employment within the meaning of the Workers' Compensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his [or her] duties and while fulfilling those duties or engaged in something incidental thereto.

*Id.* at 498, 520 S.E.2d at 639 (citations omitted).

The School District argues Gibson's injury did not arise out of and in the course of her employment with the School District because she deviated from her assigned task and was performing a personal errand when she returned to the school supplies aisle before going back to work with the supplies she had purchased for the School District. In rejecting this assertion, the Circuit Court found Gibson's act was for her "personal comfort," that she was engaged in a dual purpose trip, and that it constituted only a slight deviation from her assigned task.

## II. PERSONAL COMFORT DOCTRINE

The personal comfort doctrine aids a court in determining whether, and under what circumstances, entirely personal activities engaged in by an employee at work may be considered incidental to employment. *Osteen v. Greenville County Sch. Dist.,* 333 S.C. 43, 508 S.E.2d 21 (1998). The doctrine provides "[s]uch acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment." *Id.* at 46, 508 S.E.2d at 23 (quoting *Mack v. Post Exchange,* 207 S.C. 258, 264–65, 35 S.E.2d 838, 840 (1945)). In *Osteen,* the Court significantly narrowed the application of the

personal comfort doctrine, finding it "has consistently been limited to imperative acts such as eating, drinking, smoking, seeking relief from discomfort, preparing to begin or quit work, and resting or sleeping." *Id.* at 47–48, 508 S.E.2d at 23 (footnote omitted).

In finding Gibson's injury occurred during a slight deviation from her assigned task, the Circuit Court ruled the deviation "was for her own comfort and convenience," citing the Court of Appeals decision in *Osteen v. Greenville County Sch. Dist.*, 323 S.C. 432, 475 S.E.2d 775 (Ct.App.1996). Because that decision has now been overruled and the doctrine explicitly limited to the above-described functions, Gibson concedes on appeal "that this is not a case in which the personal comfort doctrine would have application." Accordingly, we need not consider the doctrine here. However, the Circuit Court also applied the dual purpose rule.

### III. DUAL PURPOSE RULE

■ The dual purpose rule in South Carolina is defined: [W]hen a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey. *DiMaria v. Multimedia, Inc.*, 308 S.C. 387, 389, 418 S.E.2d 324, 324–25 (Ct.App.1992) (quoting 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 18.12 (1990)). *See also* 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 16.02D n. 3 at D16–15 (1999) (citing *Corley v. South Carolina Tax Comm'n*, 237 S.C. 439, 117 S.E.2d 577 (1960), as supporting the majority rule).

■ An injury incurred during a trip which serves both a business and a personal purpose is within the scope of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken

by someone even if it had not coincided with the personal journey. *Corley, supra; Sylvan v. Sylvan Bros., Inc.,* 225 S.C. 429, 82 S.E.2d 794 (1954). Stated another way, if the work of the employee necessitates his travel, he is in the course of employment, even though he is serving at the same time some purpose of his own. *Corley, supra; Stough v. Westinghouse Savannah River Co.,* 311 S.C. 129, 427 S.E.2d 716 (Ct.App.1993). The service to the employer must be at least a concurrent cause of the trip, but not necessarily the sole cause. *Corley, supra.*

■ Gibson's trip to Wal–Mart was a dual purpose trip in that it served both a business and personal purpose. Gibson made the journey off the premises of her employer solely for the benefit of the School District. In the absence of this business purpose, Gibson would not have made the trip at all.

■ Although the School District claims the dual purpose rule applies only during the time the employee is actually engaged in traveling to the off-premises destination, we find no justification to impose such a narrow interpretation. The dual purpose rule is by its terms applicable to trips away from the premises of the employer, and the rule, while encompassing the going-and-coming portion of the trip, does not exclude injuries occurring during the trip. For example, the dual purpose rule is not rendered inapplicable to an employee injured off the premises of the employer while performing a task for that employer simply because the injury did not occur during the actual travel to and from the destination. *See generally* 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* §§ 16.01 to 16.11 (1999) (discussing dual purpose trips). Thus, we find no error in the Circuit Court's application of the dual purpose rule in these circumstances.

## IV. SLIGHT DEVIATION

■ A predominant issue in the instant case is whether Gibson's injury occurred during an act (the purchase of a lunch box for her son) which constituted only a "slight deviation" from her assigned task of purchasing school supplies for the children attending classes within the School District. Professor Arthur Larson explained the consequences of a "slight deviation":

An identifiable deviation from a business trip for personal reasons takes the employee out of the course of employment until the employee returns to the route of the business trip, *unless the deviation is so small as to be disregarded as insubstantial.* In some jurisdictions, the course of employment is deemed resumed if, having completed the personal errand but without having regained the main business route, the employee at the time of the accident was proceeding in the direction of the business destination. If the main trip is personal, a business detour retains its business character throughout the detour.

1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* §§ 17.01 to 17.06 (Introductory Scope) (1999) (emphasis added). Courts now generally recognize that "human beings do not run on tracks like trolley cars," and therefore uphold awards in situations like the following:

getting cigarettes during a trip to or from work in the employer's conveyance; running across the street in the course of a delivery trip to buy a little food; driving a daughter to school, dropping one's wife off at church, leaving a message with one's sister about working late, picking up mail for vacationing friends, crossing the street during a beer break to retrieve one's lunch, stopping at home to get a raincoat and leave some meat; crossing the road during a delivery trip to have a glass of beer at 2:00 in the afternoon; or to get a newspaper; making a personal phone call; looking for a ring; picking up two young ladies and taking them home while driving a car to test its brakes; buying a toy during spare time to take home to a child; and even picking cherries from a customer's cherry tree.

1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 17.06[3], pages 17–38 to 17–40 (1999) (footnotes omitted).

Here, Gibson was present in the Wal–Mart only because the School District directed her to obtain the school supplies. Consequently, Gibson's injury occurred during an activity which was incidental to her normal employment. *Cf. White v. South Carolina State Hwy. Dep't,* 226 S.C. 380, 85 S.E.2d 290 (1955) (where employee's detour on an out-of-town trip for his employer took him several miles away from his intended destination, deviation was not slight).

Gibson's decision to make a school purchase for her own child while carrying out the purchase request of her employer is not unreasonable. Gibson did not attempt to go to another store to engage in a personal shopping errand, nor was she wandering through the store in search of unrelated items for her own use. Rather, Gibson picked up an item of like kind, an item in the school supplies aisle, in the same aisle that her employment required her to be. In a laudable attempt to avoid commingling the purchases, she made a separate trip back to the school supplies aisle to obtain the item for purchase. That she suffered a severe eye injury during the course of her trip is regrettable, and did not occur during any improper conduct on her part.

Gibson made the trip to Wal–Mart at the School District's direct request. She went to the store with a purchase order issued by the School District. In compliance with that purchase order, she selected all of the necessary items and had them totaled at the customer service desk. In a natural act of kindness for her own child, Gibson attempted to purchase school supplies (a lunch box), but did not commingle the purchases.

Gibson would have immediately returned to her place of employment with the purchases made for the School District had she not been severely injured. The fact that the Single Commissioner resorted to counting the number of feet back to the school supplies aisle demonstrates the minor nature of Gibson's act. If ever the principle of a "slight deviation" is to be applied in South Carolina, certainly it is appropriate in this instance where "the deviation is so small as to be disregarded as insubstantial." 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 17.01 to 17.06, page 17–1 (Introductory Scope) (1999).

## *CONCLUSION*

Gibson's deviation is a paradigm of "slight deviation." We hold Gibson's injury occurred in the course and scope of her employment. Gibson's deviation was slight, insubstantial, and insignificant. We rule Gibson's injury is compensable under

the Dual Purpose Doctrine. Accordingly, the decision of the Circuit Court is

**AFFIRMED.**

CONNOR and STILWELL, JJ., concur.