533 S.E.2d 885

Ronald AUGHTRY, Employee, Petitioner,

v.

ABBEVILLE COUNTY SCHOOL DISTRICT # 60,
Employer, and South Carolina Insurance
Trust Fund, Carrier, Respondents.

No. 25101.

Supreme Court of South Carolina.

Heard Jan. 6, 2000.

Filed April 3, 2000.

Refiled June 12, 2000.

Rehearing Denied July 20, 2000.

C. Ben Bowen, of Bowen, McKenzie & Bowen, L.L.P., of Greenville, for petitioner.

Michael A. Farry and David Wilson, both of Horton, Drawdy, Ward & Black, of Greenville, for respondents.

## ORDER

Respondents' petition for rehearing is granted. The opinion filed April 3, 2000, is hereby withdrawn and the following entirely new opinion is substituted therefore.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal, J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

PER CURIAM:

We granted certiorari to review the decision of the Court of Appeals denying petitioner worker's compensation benefits. *Aughtry v. Abbeville County School Dist. # 60*, 332 S.C. 453, 504 S.E.2d 830 (Ct.App.1998). We now reverse and reinstate the full commission's order which found petitioner suffered a compensable injury and remanded the case to the single commissioner for a determination of benefits.

Petitioner was employed as an assistant principal at Abbeville High School. On the day of the accident, the school's opening was delayed until 10:00 a.m. because of icy road conditions. Petitioner was called at home by the principal and told to report to the High School at 7:30 a.m., his usual time. As petitioner was driving to work, his car skidded on the icy road behind the school and came to rest on the school's football practice field.

The full commission found petitioner suffered a compensable injury, and the circuit court affirmed. The Court of Appeals reversed in a 2-1 decision, holding recovery was barred by the "going and coming" rule.[1] We find Judge Anderson's dissent persuasive, and hold the "going and coming" rule inapplicable to these unusual circumstances. Petitioner's injury occurred on the school premises, when his car landed on the practice football field. Substantial evidence in

---

1. As a general rule, an employee who is injured while going to or coming from the place where his work is performed is not entitled to

the record therefore supports the full commission's order finding that petitioner "sustained a compensable injury ... while on the employer's premises....", *Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 495 S.E.2d 447 (1998), and it should be upheld. Accordingly, the decision of the majority of the Court of Appeals is

REVERSED.

worker's compensation. *See, e.g., Medlin v. Upstate Plaster Service*, 329 S.C. 92, 495 S.E.2d 447 (1998).