THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen McClure, Respondent,
 
 
 

v.

 
 
 
 Service Partners, LLC, and Travelers Indemnity Company, Appellants.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2005-UP-401
Submitted May 1, 2005  Filed June 23, 2005

AFFIRMED

 
 
 
 Byron Putnam Roberts, of Columbia, for Appellants.
 Anthony L. Harbin and Larry A. Welborn, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Service Partners, LLC, and Travelers Indemnity Company appeal the circuit courts decision reversing the Workers Compensation Appellate Panel (Full Commission) and finding Karen McClure suffered a compensable injury by accident while in the course and scope of her employment with Service Partners.  We affirm.[1]
FACTS

All parties admit the underlying facts in this case are undisputed.  On the date of the incident, November 19, 1999, McClure was an employee of Service Partners.  She informed her supervisor, Scott Hawkins, she was taking the mail to a drop box.  Hawkins asked if he could accompany her to pick up lunch while she was out.  Hawkins accompanied McClure even though McClure had not intended to eat lunch.
McClure drove her personal vehicle on the errand.  McClure and Hawkins drove to a mail drop box located in the parking lot of a Sonic Restaurant, which was where Hawkins wanted to get lunch.  While waiting to pick up his lunch, Hawkins offered to unload a mirror McClure purchased the night before and still had in her car.  
After Hawkins suggestion, McClure drove to her home instead of returning to the office.  When they arrived at her home, Hawkins unloaded the mirror while McClure remained in the car.  McClure and Hawkins then headed back to the office.  
During the return trip, and prior to reaching the location of the mailbox and Sonic Restaurant, McClures vehicle was involved in an accident.  McClure suffered multiple injuries during the accident, including injuries to her back, shoulder, left arm, and pelvis.  Anderson Orthopaedic Clinic saw McClure for her injuries; however, she failed to indicate that she sustained the injuries in a work-related incident.  On the patient questionnaire, McClure did not check that she was injured at work but instead indicated that she was injured in an automobile accident.
In August 2001, she filed a claim for workers compensation benefits, alleging injury to her back, left shoulder, and left arm.  The single commissioner found she sustained an injury by accident arising in the course and scope of her employment.  The Full Commission reversed this finding in a split decision.  The Full Commission found the accident did not arise out of her employment nor was it in the course and scope of her employment.  Additionally, the majority found the errand was more than a slight deviation, and McClure was no longer on a dual-purpose mission when she took the mirror to her home.  Finally, the Full Commission determined the errand was of no benefit to Service Partners and denied McClures claim for benefits.
McClure appealed to the circuit court.  The circuit court found where all facts are undisputed, the determinations to be made by the court are questions of law and not of fact.  The court found McClure was in the care and control of her employer throughout the errand, was on a dual-purpose trip, and made at worst, a slight deviation.  The court reversed the decision of the Full Commission and reinstated the order of the single commissioner.    This appeal followed.
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  In workers compensation cases, the Full Commission is the ultimate fact finder.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission.  Id.
 In an appeal from the Full Commission, this court, as well as the circuit court, may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2004).  The appellate court can reverse or modify the Full Commissions decision only if the claimants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Id.
"The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Appellate Panel.  However, where, as here, the facts are undisputed, the question of whether an accident is compensable is a question of law."  Gibson v. Spartanburg Sch. Dist. No. 3, 338 S.C. 510, 517, 526 S.E.2d 725, 729 (Ct. App. 2000)(citations omitted).
DISCUSSION

Service Partners contends the circuit court erred in reversing the decision of the Full Commission.  Service Partners asserts the circuit court erred in finding McClures injury was compensable:  (1) because she was in the care and control of her employer; (2) under the dual-purpose doctrine; and (3) because the trip to her house was only a slight deviation.  We disagree.
I.       Circuit Courts Standard of Review
Service Partners first argues the decision of the circuit court should be reversed because it applied an incorrect standard of review.  Service Partners maintains the circuit court improperly substituted its own findings of fact for those of the Full Commission.  However, as stated above, when there are undisputed facts, the determination of whether an injury by accident is compensable becomes a question of law for the court to determine and not one of fact.  Gibson, 338 S.C. at 517, 526 S.E.2d at 729.   
Additionally, Service Partners failed to contest the standard of review employed by the circuit court in a motion to reconsider pursuant to Rule 59(e), SCRCP.  Therefore, the issue is not preserved for review on appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
II.     Care and Control
Service Partners contends the circuit court erred in finding McClure suffered a compensable injury by accident that arose in the course and scope of her employment.  Service Partners asserts it was error for the court to find the accident was compensable because McClure was in the care and control of her employer at the time.  We disagree.
To be compensable under the Workers Compensation Act, an injury by accident must both arise out of and be in the course of employment.  S.C. Code Ann. § 42-1-160 (Supp. 2004).  The claimant has the burden of proving facts that will bring the injury within the Workers Compensation law.  Clade v. Champion Labs., 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998).  Additionally, workers compensation statutes are construed liberally in favor of coverage.  Peay v. U.S. Silica Co., 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993).    
Arising out of refers to the injurys origin and cause . . . . For an injury to arise out of employment, the injury must be proximately caused by the employment.  The injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury.  Osteen v. Greenville County Sch. Dist., 333 S.C. 43, 50, 508 S.E.2d 21, 24-25 (1998) (citations omitted).  
In Broughton v. South of the Border, 336 S.C. 488, 520 S.E.2d 634 (Ct. App. 1999), this court stated:

 The phrase in the course of the employment refers to the time, place, and circumstances under which the accident occurred.  An injury occurs in the course of employment within the meaning of the Workers Compensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his [or her] duties and while fulfilling those duties or engaged in something incidental thereto.

Id. at 498, 520 S.E.2d at 639 (citations omitted).
As a general rule, employees going to or coming from the place where their work is to be performed is not engaged in performing any service growing out of or incidental to their employment, and therefore, an injury sustained by accident at such time does not arise out of and in the course of their employment.  Aughtry v. Abbeville County Sch. Dist. No. 60, 332 S.C. 453, 458-59, 504 S.E.2d 830, 833 (Ct. App. 1998), revd on other grounds by, 340 S.C. 604, 533 S.E.2d 885 (2000).  

 However, South Carolina has recognized a number of exceptions to this rule.  Among these are: (1) Where, in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in the wages; (2) Where the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment . . . .

Medlin v. Upstate Plaster Serv., 329 S.C. 92, 95, 495 S.E.2d 447, 449 (1998).
 In Sexton v. Freeman Gas Co., 258 S.C. 15, 187 S.E.2d 128 (1972), our supreme court considered facts analogous to those in the instant case.  In Sexton, the claimant left work driving a company vehicle, which contained a two-way radio on which he could be summoned to perform company business at any time.  While he left for a personal errand to get his haircut, the court found he was continuously subject to his employers control.  Sexton, 258 S.C. at 18, 187 S.E.2d at 129.  Additionally, the court found his fixed salary impliedly compensated him for the time so spent; and the use of his employers vehicle in such a manner was an incident of the employment contract and in the interest of his employer.  Id.  The court found his death was compensable in the course of his employment when he left the scene of a brushfire and was returning to the office.  Id. at 19, 187 S.E.2d at 129-30.
In the case sub judice, McClure left the office not for her lunch break, but rather with the specific intention to drop off the companys mail.  This is admittedly one of her duties for Service Partners.  Additionally, Service Partners paid McClure a fixed salary for the performance of those duties and periodically reimbursed her for a tank of gas.  McClures supervisor chose to accompany McClure on this business-related errand.  As McClures supervisor, he testified he could have directed her at any time to alter her trip to conduct company business.  We note, however, that the supervisors mere presence in McClures car is not the dispositive factor.  If that were the case, any time a supervisor drove with an employee would potentially permit compensation for injuries an employee sustained in an automobile accident.  For example, an automobile accident that occurred during the travel to and from a purely social lunch involving a supervisor and his or her employees could be compensable.  Our decision in no way should be construed this broadly.  
Under the specific facts of this case, we find McClure was under the care and control of her supervisor at the time of the accident because the trip was initiated for the sole purpose of a business-related errand.  McClure specifically testified that she did not intend to go out for lunch that day and only left the office for the purpose of dropping off the companys mail.  Because McClure was not on her lunch break, but instead was conducting company business she could have been directed by her supervisor to perform some business duty or task while returning to work.  Finally, as in Sexton, she was paid a fixed salary, which included the time for delivering the mail and returning to her office.  Accordingly, we find the circuit court properly determined her injury was the result of an accident arising out of and in the course of her employment so as to be compensable under the Workers Compensation Act.
III.    Dual-Purpose Trip
Service Partners contends the circuit court erred in finding the injury was compensable under the dual-purpose rule.  We disagree and find the dual-purpose rule an additional reason for sustaining the conclusions of the circuit court.
The dual-purpose rule in South Carolina explains:

 [W]hen a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone;  it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employees personal journey.

DiMaria v. Multimedia, Inc., 308 S.C. 387, 389, 418 S.E.2d 324, 324-25 (Ct. App. 1992) (quoting 1 Arthur Larson & Lex K. Larson, Workers Compensation Law § 18.12 (1990)).  Stated another way, if the work of the employee necessitates his travel, he is in the course of employment, even though he is serving at the same time some purpose of his own.  The service to the employer must be at least a concurrent cause of the trip, but not necessarily the sole cause.  Stough v. Westinghouse Savannah River Co., 311 S.C. 129, 130-31, 427 S.E.2d 716, 717 (Ct. App. 1993). 
McClures trip had both a personal purpose and a business purpose.  However, her main intention in leaving was to take the companys mail to a drop box.  This was one of her routine duties and she was taking the mail in furtherance of her employers business.  The trip to unload her mirror was not planned until after the departure on the business trip.  Additionally, it is clear the personal trip would not have been made were it not for the necessity of the business trip coupled with the control exercised by her supervisor, who was in the car at all times.  Accordingly, we find the circuit court did not err in finding the trip was a dual-purpose trip in which the primary reason was business related.
IV.    Slight Deviation
Service Partners maintains the circuit court erred in finding the trip to her home was only a slight deviation, thus allowing coverage.  We disagree.
In Gibson v. Spartanburg Sch. Dist. No. 3, 338 S.C. 510, 526 S.E.2d 725 (Ct. App. 2000), this court looked to Professor Arthur Larson for explanation of a slight deviation:

 An identifiable deviation from a business trip for personal reasons takes the employee out of the course of employment until the employee returns to the route of the business trip, unless the deviation is so small as to be disregarded as insubstantial.   In some jurisdictions, the course of employment is deemed resumed if, having completed the personal errand but without having regained the main business route, the employee at the time of the accident was proceeding in the direction of the business destination.  If the main trip is personal, a business detour retains its business character throughout the detour.

Gibson, 338 S.C. at 522, 526 S.E.2d at 731 (quoting 1 Arthur Larson & Lex K. Larson, Workers Compensation Law §§ 17.01 to 17.06 (Introductory Scope) (1999)) (second emphasis added).  This court continued:

 Courts now generally recognize that human beings do not run on tracks like trolley cars, and therefore uphold awards in situations like the following:
 getting cigarettes during a trip to or from work in the employers conveyance; running across the street in the course of a delivery trip to buy a little food; driving a daughter to school, dropping ones wife off at church, leaving a message with ones sister about working late, picking up mail for vacationing friends, crossing the street during a beer break to retrieve ones lunch, stopping at home to get a raincoat and leave some meat; crossing the road during a delivery trip to have a glass of beer at 2:00 in the afternoon; or to get a newspaper; making a personal phone call; looking for a ring; picking up two young ladies and taking them home while driving a car to test its brakes; buying a toy during spare time to take home to a child; and even picking cherries from a customers cherry tree.

Id. (quoting 1 Arthur Larson & Lex K. Larson, Workers Compensation Law § 17.06[3], at 17-38 to 17-40 (1999) (footnotes omitted)).
We find the circuit court properly found the detour taken by McClure at the suggestion of her supervisor was only a slight deviation from the purpose of her trip.  We recognize the detour took her several miles away from the main business route of the trip.  However, McClure was heading in the direction of her office and was again available for her supervisor to command her to perform a business-related task.  We believe, given the specific facts of this case, compensation should be allowed.  
CONCLUSION
We find McClure was under the care and control of her supervisor at the time of the accident, paid a fixed salary, and had performed a duty required of her employment.  Accordingly, as in Sexton, we find the accident arose out of and in the course of her employment.  Additionally, we find the dual-purpose rule provides additional support for the finding, as the main purpose of her trip was to perform her duties on behalf of Service Partners.  Finally, we conclude the circuit court correctly found her deviation for personal business was only a slight deviation, and she had resumed the return trip to her office while under the control of her supervisor.  Accordingly, we hold the decision of the circuit court finding her injury compensable is
AFFIRMED.
HEARN, C.J., BEATTY and SHORT, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.