Screening Report / Proposed Opinion

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lonnie Cooper, Respondent,
v.
Dick Smith Motors, Employer, and S.C. Automobile Dealers Assoc./Randolph Hope Co., Carrier,
Appellants.
 
 
 

Appeal From Richland County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2005-UP-593
Submitted October 1, 2005  Filed November 21, 2005

REVERSED

 
 
 
Louise Elaine Mozingo, of Camden, for Appellants.
Thomas K. Fowler, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Dick Smith Motors and its insurance carrier, S.C. Automobile Dealers Association (collectively Appellants), appeal a circuit court order reversing a decision of the Workers Compensation Commission which held that Lonnie Cooper did not aggravate a pre-existing back problem as a result of an admitted injury to his knee and therefore, that he reached maximum medical improvement for his injuries.  We reverse.  
FACTS
Lonnie Cooper sustained an admitted injury to his left knee on July 22, 2002 while working as a service technician/mechanic for Dick Smith Motors.  The injury occurred when Cooper slipped getting into a vehicle.  Cooper first received medical services for the injury at Doctors Care, where he complained of ankle and knee pain.  He was referred to Dr. Bethea, who served as his treating physician.
On March 20, 2003, after approximately 17 visits to Dr. Bethea, and two knee surgeries, Dr. Bethea declared Cooper reached maximum medical improvement for his knee injuries.  At that time he stated that Cooper suffered a 25 percent permanent physical impairment of the injured extremity.  
On June 5, 2003, Appellants filed a Form 21 seeking to stop compensation for the knee injury and requesting credit for overpayment of temporary benefits.  Although Cooper was pro se at this point, he obtained the services of an attorney who filed a pre-hearing brief asserting that Cooper injured his knee and would be seeking all benefits applicable.  On July 18, 2003, the attorney also filed a Form 50 requesting further medical treatment for the knee injury and a finding of general disability.  
A hearing on Appellants Form 21 was held before a single workers compensation commissioner on July 31, 2003.  During the pre-trial conference Cooper sought to leave the record open in order to submit the deposition of Dr. Bethea to support his claim that he also injured his back in the accident.  The commissioner left the record open for 30 days and on August 28, 2003, the commissioner received Dr. Betheas deposition and a report by Dr. Poletti.  Appellants objected to admission of Dr. Polettis report and the commissioner sustained the objection, leaving the report in the commissions file as a proffer, but not considering it in rendering a decision.
During the hearing, Cooper testified that although the immediate problem after the accident was his left knee, he also began to experience numbness in his right leg and back pain.  Cooper stated that he mentioned the back problems several times to Dr. Bethea, but that the doctor repeatedly told him he needed to take care of one problem at a time.  He further testified that he did not receive any treatment for his back or right leg until he returned to Dr. Bethea using his health insurance.  
On cross-examination, opposing counsel confronted Cooper by bringing it to his attention that none of the records of Coopers 17 visits to Dr. Bethea showed any mention of problems with his back or right leg.  Cooper responded that he told the doctor of the back pain after five or six visits and was aware that Dr. Bethea did not write anything in his reports concerning the back injury.  Also brought out on cross examination was the fact that Coopers wife knew Dr. Bethea through her employment with a local hospital.  
In his deposition, Dr. Bethea testified to the injuries Cooper sustained to his knee and the course of treatment that was followed.  Dr. Bethea also testified that treatment was not rendered for Coopers back problems until three months after the doctor declared Cooper reached maximum medical improvement for his knee injury.  He mentioned, however, that although he did not have any record of treatment for the back prior to that date, he thought Cooper did mention it in previous visits.  Dr. Bethea further testified that a twisting-type injury could be consistent with an aggravation . . . of pre-existing back problems, although he could not say that with any degree of certainty.  
On November 26, 2003, the single commissioner issued an order finding inter alia, that Cooper reached maximum medical improvement for the admitted knee injury on March 20, 2003, the day he was released by Dr. Bethea.  The commissioner further found that the greater weight of evidence [did] not support a finding that [Cooper] sustained a compensable injury to the back as a result of the left knee injury on July 22, 2002.  Based on the evidence, the commissioner found Cooper was entitled to 78 weeks of compensation based on a 40 percent permanent partial disability to the injured leg minus credit for temporary total disability paid by Appellants since June 3, 2003.  
Cooper appealed this decision to the Full Commission and review took place on June 29, 2004.  The next day, the Full Commission issued an order affirming the commissioners order in its entirety.    Cooper appealed the Full Commissions decision to the circuit court and on September 30, 2004, the court issued an order reversing the Full Commission and remanding the matter back for a determination of the amount of benefits due Cooper.  
Specifically, the court held that the substantial evidence of the record did not support the Full Commissions decision.  The courts decision was greatly influenced by the Dr. Bethea and Coopers testimony that although the back injuries were not included in any written records, they were mentioned verbally while treatment for the knee was taking place.    
LAW/ANALYSIS
Appellants primary argument on appeal is that the circuit court erred in reversing the Full Commissions finding that Cooper did not sustain an injury to his back as a result of the accident for which he received medical care.  Appellants argue this is especially true considering that the Commissions decision was supported by substantial evidence.  We agree.
The Administrative Procedures Act applies to appeals from decisions of the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-135, 276 S.E.2d 304, 306 (1981).  In an appeal from the Commission, neither this Court nor the circuit court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law.  Corbin v. Kohler Co., 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct. App. 2002).  Any review of the Commissions factual findings is governed by the substantial evidence standard.  Lockridge v. Santens of Am., Inc., 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001).  Accordingly, we limit review to deciding whether the Commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Corbin, 351 S.C. at 617, 571 S.E.2d at 95.  Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached.  Lockridge, 344 S.C. at 515, 544 S.E.2d at 844.  The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agencys finding from being supported by substantial evidence.  Lee v. Harborside Café, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct. App. 2002) (quoting Palmetto Alliance, Inc. v. S.C. Pub. Serv. Commn, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984)).
Significantly, [t]he Appellate Panel is the ultimate fact finder in Workers Compensation cases and is not bound by the Single Commissioners findings of fact.  Gibson v. Spartanburg Sch. Dist. No. 3, 338 S.C. 510, 517, 526 S.E.2d 725, 729 (Ct. App. 2000).  Accordingly, the appellate panel has the final determination of witness credibility and also determines the weight to be accorded evidence.  Id. 
In the current case, after careful review, the Commission found that [t]he findings of fact and conclusions of law as established by the hearing commissioner [were] correct.  (emphasis in original).  As such, the Commission adopted the hearing commissioners findings of fact and rulings of law by reference into its final order as it is entitled to do under sections 42-17-40 and 1-23-350 of the South Carolina Code.  S.C. Code Ann. §§ 42-17-40 (1976) & 1-23-350 (1986); see also Eaddy v. Smurfit-Stone Container Corp., 355 S.C. 154, 167-168, 584 S.E.2d 390, 397-398 (Ct. App. 2003) (interpreting these statutory provisions and concluding the Commission meets the requirements contained therein when it incorporates a single commissioners findings of fact and rulings of law by reference into its order).
Considering the current case with these standards in mind, we find the record contains substantial evidence to support the commissions decision.  It is undisputed that none of the records stemming from Coopers medical care prior to his release for the knee injury mention any purported back problems.  In fact, as the single commissioner noted in the first order, there was no mention of a back injury on Coopers original Form 50, nor was there mention of the injury in Coopers pre-hearing brief.  It was not until a pre-trial conference on the Form 21 stop payment hearing that the back injury was mentioned at all.  Despite this fact, the commissioner allowed the record to be kept open for Dr. Betheas deposition.
As noted previously, Dr. Bethea testified that no treatment was provided for Coopers back injuries until three months after Cooper reached maximum medical improvement for his knee injury.  He also stated, however, that although there was no written record of Cooper complaining of back pain, he thought he recalled it being mentioned.  Dr. Bethea further opined that the original accident could have aggravated a pre-existing back problem.
To the extent Dr. Betheas testimony can be read to support Coopers claim that he mentioned the back injury before treatment for his knee was completed, the commissioner was in a better position to determine his credibility.  When it comes to expert medical testimony, its admission is designed to provide assistance to the Commission in coming to a correct conclusion; as such, the Commission is left with discretion to determine the weight and credit to be given to the testimony.  Tiller v. Natl Health Care Ctr. of Sumter, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999).  Although expert medical testimony is entitled to great respect, the Commission as fact finder may disregard the testimony if there is other competent evidence in the record.  Id.  Accordingly, once expert testimony is admitted, the Commission may consider it in the same manner as it would any other testimony.  Id.          
As there is evidence in the record to support the finding that Cooper did not sustain a compensable injury to his back as a result of the admitted accident, we reverse the circuit court and reinstate the Full Commissions decision.  Because we reverse on Appellants primary issue, we decline to address Appellants remaining issues.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling appellate court need not review remaining issues when disposition of prior issues are dispositive). 
REVERSED. [1]
ANDERSON, J., HUFF and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.