THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Elaine Norton, Employee, Respondent,
v.
Wellman, Inc. - Palmetto Plant, Self Insured Employer,
Appellants.
 
 
 

Appeal From Florence County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-262
Submitted May 1, 2006  Filed May 24, 2006   

AFFIRMED

 
 
 
Kirsten Leslie Barr, of Mt. Pleasant, for Appellant.
Steve  Wukela, Jr., of Florence, for Respondent.
 
 
 

PER CURIAM:  In this workers compensation action, Wellman, Inc., appeals a circuit court order affirming the South Carolina Workers Compensation Commissions decision awarding benefits to Elaine Norton, a former employee.  We affirm.
FACTS
At the time Elaine Norton testified in front of the Workers Compensation Commission, she was 62 years old.  Norton worked for Wellman, Inc., for thirty years in several different capacities.  When Norton first began her employment, her duties consisted primarily of typing reports written by other people in the company.  After approximately seven years, Norton began working in the purchasing department where she typed purchase orders and shipping authorizations.  
When the company began using computers, Norton began to do a considerable amount of keyboard data entry.  Due to company downsizing, for the last five years of Nortons employment she was the only clerk working in the purchasing department.  Nortons other duties consisted of filing, answering the phone, information gathering, and various other computer work.  
Norton testified that for approximately fifteen years she had problems with neck pain.  She also stated that her employer was aware of these problems and that she began seeing a chiropractor for treatment.  Norton received treatment from this chiropractor, Dr. Ware, for fifteen years.  Norton stated that during the last quarter of 2002 she began to develop pain in her arms between the shoulder and elbow.  
Because of the increasing pain and failure of the chiropractic visits to alleviate it, Norton began seeing Dr. Miller, her family physician.  Dr. Miller conducted several tests on Norton including an MRI on the upper portion of her body.  After receiving the results of these tests, Dr. Miller suggested Norton cease working and she was placed on medical leave on February 4, 2003.  
After several visits to Dr. Miller, Norton was referred to Dr. Healeya neurologist.  Dr. Healey also performed a number of tests on Norton including, inter alia, another MRI and a test for carpel tunnel syndrome on June 12, 2003.  Dr. Healeys tests revealed a number of medical problems.  For instance, Dr. Healey testified that Norton suffered from a sleep disorder, depression, and degenerative changes in her spine.  When questioned as to whether Nortons spinal problems were caused by her duties at Wellman, Inc., Dr. Healey testified that he believed her work did contribute to the problems she was having.  
Dr. Healey also testified the carpal tunnel test revealed moderately severe bilateral carpal tunnel syndrome.  He stated with a reasonable degree of medical certainty that the carpal tunnel problems were related to the work Norton performed at Wellman, Inc.   In his deposition, Dr. Healey stated that June 24, 2003 was the first time he and Norton specifically talked about Nortons work at Wellman, Inc. 
On July 22, 2003, Norton filed a Form 50 with the South Carolina Workers Compensation Commission.  A hearing was held before a single commissioner on March 16, 2004.  In her order, the single commissioner found, among other things, the evidence supports a finding the claimant suffered compensable work related injuries bilaterally to the upper extremities and back on or about June 24, 2003. . . .  Wellman, Inc. appealed this decision to an Appellate Panel of the Workers Compensation Commission.
On February 24, 2005, the panel issued an order affirming the single commissioners order with one amendment.  The panel amended the single commissioners findings of fact to clarify that Nortons injuries were to her cervical spine and not to her lumbar spine.  Otherwise the commissioners order was affirmed in its entirety.  
Wellman, Inc. then appealed this decision to the circuit court on June 9, 2005.  After review, the circuit court held there was substantial evidence in the record to support the Full Commissions February 24, 2005 order.  Accordingly, the court affirmed the Commissions decision in an order dated August 5, 2005.  
LAW / ANALYSIS
On appeal to this court, Wellman, Inc. argues the preceding tribunals erred in finding and subsequently affirming the holding that Norton injured her back and right or left arm in an accident arising out of and in the course of her employment on June 24, 2003.  We affirm.
The Administrative Procedures Act applies to appeals from decisions of the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-135, 276 S.E.2d 304, 306 (1981).  In an appeal from the Commission, neither this Court nor the circuit court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law.  Corbin v. Kohler Co., 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct. App. 2002).  Any review of the commissions factual findings is governed by the substantial evidence standard.  Lockridge v. Santens of Am., Inc., 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001).  Accordingly, we limit review to deciding whether the Commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Corbin, 351 S.C. at 617, 571 S.E.2d at 95.  Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached.  Lockridge, 344 S.C. at 515, 544 S.E.2d at 844.  The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agencys finding from being supported by substantial evidence.  Lee v. Harborside Café, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct. App. 2002) (quoting Palmetto Alliance, Inc. v. S.C. Pub. Serv. Commn, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984)).
Significantly, [t]he Appellate Panel is the ultimate fact finder in Workers Compensation cases and is not bound by the Single Commissioners findings of fact.  Gibson v. Spartanburg Sch. Dist. No. 3, 338 S.C. 510, 517, 526 S.E.2d 725, 729 (Ct. App. 2000).  Accordingly, the appellate panel has the final determination of witness credibility and also determines the weight to be accorded evidence.  Id.  In the current case, after careful review, the Commission found all of the hearing commissioners Findings of Fact and Rulings of Law were correct as stated with the exception of the aforementioned amendment.  As such, the Commission adopted the hearing commissioners findings of fact and rulings of law by reference into its final order as it is entitled to do under sections 42-17-40 and 1-23-350 of the South Carolina Code.  S.C. Code Ann. §§ 42-17-40 (Supp. 2005) & 1-23-350 (2005); see also Eaddy v. Smurfit-Stone Container Corp., 355 S.C. 154, 167-168, 584 S.E.2d 390, 397-398 (Ct. App. 2003) (interpreting these statutory provisions and concluding the Commission meets the requirements contained therein when it incorporates a single commissioners findings of fact and rulings of law by reference into its order).
As noted previously, Wellman, Inc. takes exception to the finding that Norton was injured in an accident arising out of her employment on June 24, 2003.  Wellman, Inc. is particularly concerned with the specific date of June 24, 2003, because it takes the position that since Norton ceased working in February 2003, it would be impossible for her to injure herself in an accident arising out of or in the course of her employment in June 2003.
However, it is apparent from all of the previous orders issued in this case, including the circuit court order, that June 24, 2003, was the date Norton was diagnosed with conditions related to her employment with Wellman, Inc.  Dr. Healey specifically testified he did not talk to Norton about her duties at Wellman, Inc. until June 24, 2003.  It was on that date Dr. Healey attributed Nortons problems to her employment.  
As noted by the circuit court, a repetitive trauma injury such as carpal tunnel syndrome is compensable under workers compensation law.  Bass v. Isochem, 365 S.C. 454, 474, 617 S.E.2d 369, 380 (Ct. App. 2005).  Furthermore, it is clear that a claimant must give notice of his injuries when the employee becomes disabled and could discover with reasonable diligence his condition is compensable.  Id. at 481, 617 S.E.2d at 383.  
Norton did not find out her health problems were causally related to her employment until June 24, 2003.  Shortly thereafter, she filed a Form 50 on July 22, 2003, which, as the circuit court noted, was well within the time limit prescribed for giving notice.  See S.C. Code Ann. § 42-15-20 (1985) (delineating standards for providing notice of accidents covered by workers compensation).  Accordingly, we find Wellman, Inc.s appeal to be without merit. 
AFFIRMED.[1]
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.